## POPE *vs.* WELSH'S ADM'R.

1. In an action of slander, the general bad character of the plaintiff may be given in evidence, under the general issue, in mitigation of damages, notwithstanding the defendant may have also interposed the plea of justification.

2. The death of the defendant in error in a personal action, pending a writ of error in this court, does not abate the suit, but it may be revived under the statute in the name of his personal representative.

ERROR to the County Court of Perry.

A. B. MOORE, for the plaintiff in error.

J. P. SAFFOLD, for the defendant.

PARSONS, J.—This is an action, brought in the court below, by Welsh v. Pope, for slander, in charging the plaintiff below with having committed the crime of perjury, as a witness in a cause. Pope pleaded not guilty and justification, stating the truth of the words. Welsh gave evidence tending to show that Pope spoke the slanderous words, and closed. Pope introduced evidence tending to show that the words were true, and then offered to examine witnesses as to the general character of Welsh, but the court refused to permit him to do so, unless he would first withdraw his plea of justification. This was done, but Pope excepted to the ruling of the court which rendered it necssary, and his counsel now insists on that as error.

If Pope had a right to introduce such evidence, notwithstanding his plea of justification, then the court had no power to put its admissibility upon the condition that he would withdraw that plea, or upon any other condition.

1. It has frequently been held where the defendant has merely pleaded the general issue in actions for slander and libel, that he may give evidence of the bad general character of the plaintiff. The ground of admitting such evidence is, that a person of disparaged fame is not entitled to the same measure of damages as one whose character is unblemished.—2 Starkie's Ev., 369, part 4, edition of 1826; Bradley v. Gibson, 9 Ala. 406. As such evidence is clearly admissible when the general issue only is pleaded, the question is whether the case is altered when justification is also pleaded.

In Jackson v. Stetson & Wife, 15 Mass. 48, it was determined that where the defendant, in an action for slander, pleads the general issue, and also, in justification, that the words spoken were true, the plaintiff need not prove the speaking of the words upon the trial of the general issue, and also, that such plea in justification, if the defendant fails to establish it, is evidence that the words were spoken maliciously. And the same court, in Alderman v. French, 1 Pick. 1, held, in an action for slander in which the defendant had pleaded the general issue and a justification in which he admitted the speaking of the words, that the special plea might be used upon the trial of the general issue, as evidence to prove the speaking, although the special plea had been adjudged bad on demurrer. The opinions in these cases are supported by elaborate and ingenious arguments, but to my mind it is not satisfactory. I think it is inconsistent both with the law of pleading and evidence. In an action for slander, the pleas of not guilty and justification are inconsistent, but they may be, and sometimes are pleaded together, by leave of the court, under the statute of Anne. This is admitted by the two cases last cited. The question which is before us, to wit, the defendant's right to prove the plaintiff's bad general character, without withdrawing his plea of justification, and the questions that were decided in the cases cited, could not have arisen at the common law, because by the common law, a defendant could not plead several defences to the same part of a declaration, nor to the same entire declaration. The inconvenience of this was felt in England as well as in this State; and there the law was changed by the statute of 4th Anne, so as to make it lawful for any defendant, in any court of record, with the leave of the same court, to plead as many several matters as he shall think necessary for his defence.—1 Chitty's Pl., 341. Our statute is different: " The defendant, in any cause, may plead as many several matters as he may judge necessary to his defence."—Clay's Dig. 332, § 109. Here, as matter of right, a defendant may plead as many pleas as he may think proper without leave of the court; and pleas are distinct things. One plea cannot be taken advantage of, except when they are connected by a reference, to help or vitiate another, for every plea must stand or fall by itself. —1 Chitty's Pl., 543. It was said by Buller, J., that " each plea must stand or fall by itself; they are as unconnected as if

they were on separate records."—Kirk v. Norvill & Butler, 1 D. & E. 118. And there are other equally respectable authorities to the same effect.

In the next place, it is equally clear, as I think, that a plaintiff cannot prove his case on one issue, by what the defendant admits by his plea on another issue in the same action. In Montgomery v. Richardson and others, 5 Carr. & P. 247, the action was for false imprisonment—pleas, the general issue and several special pleas, which were holden bad on demurrer. The plaintiff proposed to read one of the special pleas to the jury, which stated the fact of suing out the writ by one of the defendants; to which Lord Tenterden, C. J., said, "taking this as a general question, it would be contrary to all the practice in my experience, and I believe in that of every gentleman at the bar, to hold that the statements in a special plea may be evidence under the general issue." See Firmin v. Crucifix & Staff, 5 C. & P., 97. In an action of assumpsit, Mansfield, C. J., observed: "It is every day's practice, that the defendant's language in one plea cannot be used to disprove another plea, as in the familiar instance I have given of trespass, and not guilty and justification pleaded, where the justification would certainly, if admissible, prove the act, in case the reason of the justification fails."— Harrington and others v. McMorris, 5 Taunt. 228. In Whitaker v. Freeman, reported in 1 Dev. 280, in speaking of one of the Massachusetts cases to which I have refered, Marshall, C. J., observed: "I believe it stands alone, and that no similar decision has been made in any State of the Union. It constitutes no inconsiderable deduction from the authority of the decision in Massachusetts, that there is reason for the opinion that it was disapproved generally by the bar. It would be entirely inconsistent with the spirit and object of the act, to permit forms of pleading, devised at a time when judicial proceedings were regulated on a principle which it was intended to change, to render one of the defences which it authorises an absolute nullity. In England this has never been attempted." Indeed, if such be the object of the act, it does more than to render one of the defences an absolute nullity; it makes one defeat the other. And see Cilly v. Jenness, 2 N. H. Rep. 89, and 5 S. & Rawle, 411.

I have said that such questions could not arise at the common law, because there was no such thing as double pleading;

42

they grew out of the practice authorised by the statutes. Therefore it is proper, I think, to enquire whether the law making powers could have intended that the privilege of pleading several pleas to the same demand should be subject to such consequences as that one might defeat the other or render it a nullity? I cannot think so, and therefore my own opinion is that a defendant, in an action of slander, may plead not guilty and justification, and that the issue on the first is to be tried without the smallest prejudice to the defendant from the plea of justification, in respect of the evidence to be adduced for or against him, and whether it is to go in mitigation of damages or otherwise. I can put the case upon no other ground, consistently with what I conceive to be its true principles. I state this as my own opinion only, because in Shelton v. Simmons, 12 Ala. 466, the Chief Justice was inclined to an opinion with which mine, in the extent to which I have expressed it, cannot easily be reconciled. But that case is not now in point for other reasons; nor do I think that the opinion to which the Chief Justice inclined was then necessary in the cause, or so regarded by him. His language was—" what has been said as to the evidence in mitigation, we intend to apply to a case where the parties go to trial on the general issue only, and not where the defendant pleads justification also. The law would seem to be different where the speaking of the slanderous words is justified;" and he refered to 9 Ala. 406, but in the case refered to, Bradley v. Gibson, there was no plea of justification, and of course there was no question of the kind involved. Then, if we regard evidence of the plaintiff's bad general character as ordinary evidence in mitigation, I am of opinion myself, that the court below erred in putting its admissibility upon the condition that the defendant should withdraw his plea of justification. If, in the language of Buller, J., these pleas were " as unconnected as if they were on separate records," and if one plea cannot be admitted on the trial to prove or disprove another, the issues on each must be entirely distinct, and tried accordingly. In actions for slander and libel there are various opinions which hold, I am aware, that ordinary circumstances of mitigation cannot be proved in defence on the general issue, if justification has been also pleaded.—Paddock v. Salisbury, 2 Cow. 811; Root v. King & Verplanck, 7 ib. 613; 1 Pick. 1. I suppose, however, that all the courts where such

opinions have been intimated were acting under the statute of Anne, or similar statutes, by which the right to plead double is placed at the discretion of the court.   When the court, under such statutes, grants the privilege of pleading double, more especially when the pleas are inconsistent, there is, perhaps, some reason for controlling the party in his evidence afterwards, which cannot be admitted here; as he may plead double, under our statute, of right, and without leave of the court.

But it appears to me, upon principle, that the evidence of such circumstances ought to be rejected only when justification alone is pleaded, or when offered on the trial, not under the general issue, but exclusively under the plea of justification, with which it is necessarily inconsistent—otherwise the damages to a considerable extent are in the hands of the court and not of the jury. For if the truth should go to the jury under the general issue, it might have great effect upon the question of damages.

But I come now to a point which is less doubtful than the one I have been considering, and upon which alone, I propose to reverse the judgment.   I think the plaintiff's general character is always in issue in such actions, with regard to the measure of damages, although justification alone be pleaded.   This was the opinion of Chief Justice Parsons in Wolcott v. Hall, 6 Mass. 514, if I do not very much mistake his meaning.   In that case the defendant had pleaded justification only, and he offered certain evidence which had been rejected, and the Chief Justice thought it was properly rejected, because it was not, really, evidence of his general character.   He said, "evidence as to the general character of the plaintiff, he may at all times encounter, if untrue; and if his character be generally bad, independent of the slander of which he complains, the jury may consider it. For the worth of a man's general reputation among his fellow-citizens may entitle him to large damages for an attempt to injure it, which he ought not to obtain, if his character is of little or no estimation in society."   This agrees with what Lord Ellenborough said in —— v. Moor, 1 M. & S., 285, that "certainly a person of disparaged fame is not entitled to the same measure of damages with one whose character is unblemished; and it is competent to show that by evidence."   It was evidently the opinion of Chief Justice Savage, in Root v. King & Verplanck, which was an action for a libel, that evidence of the

plaintiff's bad general character may be shown under any state of the pleadings, and with this Professor Greenleaf agrees.—2 Greenl. Ev. 344, § 425. The court all agree in the foregoing opinion throughout.

2. There is one other question. Pending this writ of error the defendant in error died, and the cause here was revived against his personal representative. This was not according to the English practice, for according to that practice a writ of error, in no case, abated by the death of the defendant in error.—2 Tidd's Prac. 1163, (3d Amer. from 9th London edit.) But a majority of the court think that this cause was properly revived under our statute, and although I was inclined to a different opinion, I am not disposed to dissent. For the error above mentioned, however, the judgment of the court below is reversed; but as the action does not survive, the cause is not remanded.