# Ferdon v. Dickens.

## Libel and Slander.

(Decided May 24, 1909.　49 South. 888.)

1. *Libel and Slander; Pleading; Demurrer.*—Where the matters set up in a plea filed as in bar of a suit for libel, are not a bar but merely in mitigation of damages and so, available under the plea of the general issue, such plea may be stricken on motion, and hence a .very general demurrer thereto is sufficient.

2. *Same; Matters in Litigation.*—Circumstances under which a libel is written and published if, not constituting justification or privilege, are available under the general issue, merely in mitigation of damages.　(Sec. 3746, Code 1907.)

3. *Same; Actionable Words.*—A publication which clearly charges dishonesty or fraud, or imputes an unwillingness to pay just debts is libelous per se.

4. *Same; Publication.*—A dictation of a libelous letter to a stenographer who copies it on a typewriter, and the letter is subsequently signed and mailed by the person dictating it, constitutes a sufficient publication of the contents to support libel.

5. *Same; Truth of Words; Available in Bar.*—The truth of the words if specially pleaded in justification is available in bar of an action of libel or slander, notwithstanding the provisions of section 3746, Code 1907.

6. *Same; Privilege; Pleading.*—Unless, in a case where the words are absolutely privileged, in order to obtain the benefit of privilege as a complete defense to an action of libel, the privilege must be specially pleaded showing. that the publication was made on a privileged occasion or under circumstances and conditions making it privileged in law, coupled with a denial that it was published in malice.

7. *Same; Special Pleading.*—To constitute a complete defense to an action for libel a plea must answer to the whole ground of the action; and the issues on inconsistent pleas allowed by the statute being entirely distinct, one plea cannot be used to prove or disprove another.

8. *Same; Privilege.*—In the absence of something further to show its privileged character, a letter from a creditor of plaintiff containing libelous matter, instructing the bank to again present the claim and if not paid, turn it over to some justice of the peace with instructions to sue is not privileged.

9. *Same.*—There are two conditions of privileged communication; one conditional, and the other absolute. Against the latter, a limited class, there is no remedy by action; the former, which is a large class, furnishes only prima facie a legal excuse for the libel.

10. *Same; Malice.*—Proof of express malice is making a libelous statement which is conditionally privileged, renders the publisher liable.

11. *Same; Justification.*—Justification as applied to the law of libel does not imply that something has been said which is either privileged or excused.

12. *Same; Evidence.*—Where. the allegations were that the plaintiff was about to leave the state, or had left the state in order to defraud his creditors, it was competent in an action for the libel for plaintiff to show how much property he owned in the state at the time.

13. *Same; Damages; Evidence.*—Where the libelous matter was sent to the bank in the shape of a letter, it was competent to show that the sending of the letter to the bank damaged the plaintiff.

14. *Same.*—Whether or not the plaintiff had had to file an explanation of his transaction with the bank to which the libelous letter had been sent was immaterial and irrelevant, since the bank could not have required him to file the statement or explanation.

15. *Same; Justification.*—As a justification to libel, the allegation merely that the defendant believed the words of the letter to be true was not good in justification; such plea should allege that the words were true.

16. *Evidence; Conclusion.*—The statement by a witness "if I had not resented it it would have ruined me," was a conclusion and not admissible.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Clarence B. Ferdon against Charles C. Dickens, for damages for publishing a libelous letter. Judgment for defendant and plaintiff appeals. Reversed and remanded.

FITTS, LEIGH & LEIGH, for appellant.—The letter was libelous per se.—*Iron Age Pub. Co. v. Crudup*, 85 Ala. 519; 98 Fed. 222; 12 Fed. 531.; 25 Cyc. 250, et seq. The publication was sufficient.—*Ivey v. Pioneer* S. & L. Co.,

[Ferdon v. Dickens.]

113 Ala. 530; 1 A. & E. Ann. Cases, 103; Id. 190; 93 Ind. 372; 98 Fed. 222; 55 S. W. 594; 93 Md. 48; 48 Atl. E90; 86 Am. St. Rep. 414; 25 Cyc. 367, et seq. Any words imputing to a man fraudulent or dishonest conduct in business are actionable per se.—*Ware v. Clowney,* 24 Ala. 707; *Wafford v. Meeks,* 129 Ala. 356. Such words are actionable without averments of special damage.— 98 Fed. 222; 55 S. W. 594. Privileged publications are divided into two classes. Absolute and conditional or qualified.—*Lawson v. Hicks,* 38 Ala. 279; 25 Cyc. 375; Townsend's Slander & Libel, sec. 209. Neither the intention nor the belief of the libelant is available as a defense.—*Sternaw v. Marks,* 58 Ala. 608; *Dowden v. Dowden,* 44 South. 116; *Wilson* v. Fitch, 41 Cal. 363; *Clark v. Brown,* 116 Mass. 504; *Parkhurst v. Ketchum,* 83 Am. Dec. 630. Truth of the words may be given in evidence under the general issue in mitigation of damages only, and can never be proven in bar or pleaded in bar.—Sec. 1438, Code 1896.

GREGORY L. & H. T. SMITH, for appellee.—It is only necessary to consider the ruling upon the pleading and the giving of the general charges for if the court is correct in this, all other error is without injury.—*Bolling v. M. & M. R. R. Co.,* 128 Ala. 556; *W. U. Tel. Co. v. Whitson,* 145 Ala. 426; *Griffin v. Bass F. & M. Co.,* 135 Ala. 490. In the first place, the communication was privileged.—*Easily v. Moss,* 9 Ala. 266; *Stallings v. Newman,* 26 Ala. 310; *Lawson v. Hicks,* 38 Ala. 284; 18 A. & E. Ency. of Law, 1028.

MAYFIELD, J.—This was an action by appellant against appellee, for an alleged libel, which consisted of a letter written by the appellee, defendant, to the Bank of Castleberry. The letter was as follows: "MOBILE,

Ala., Nov. 5, 190J. Bank of Castleberry, Castleberry, Ala.—Gentlemen: We return the papers in the Ferdon case with the request that you present again, and if not paid please turn over to some justice of the peace, with instructions to sue on the knowledge of the fact that Mr. Ferdon is about to leave the state for the purpose of defrauding his creditors. The account is long past due, and if Mr. Ferdon's intentions were honest and sincere he would have remitted a long time ago, since he has sold out of business and ought to have the means received from the sale. We have no confidence in his representations to you about coming here to Mobile in a week. It is not necessary that he come here to pay, he can pay you just as well as paying us if he had any honesty or sincerity of purpose to pay. Yours very truly, Chas. C. Dickson, Sect."

The complaint consisted of nine counts, which declared in libel based upon the letter in question, or certain parts thereof. No question is raised as to the sufficiency of the complaint. To this complaint the defendant filed two pleas, the first being a plea of not guilty. The second was a special plea which was subsequently amended, and which as amended, was as follows: "(2) The firm of C. B. Ferdon & Company, of which plaintiff was a member, was indebted to the English Manufacturing Company, a copartnership, of which the defendant was a member, and whose business was being conducted by the defendant. Said indebtedness was past due and unpaid, and, after receiving no payment thereof within a reasonable time, the defendant drew a draft upon the plaintiff for said debt, and sent the same to the Bank of Castleberry, as the agent of the defendant to collect said draft. The said Bank of Castleberry returned said draft in a letter wherein its cashier stated that the plaintiff had sold out his business in Castleberry and

gone to Pensacola. The defendant believing, and in good faith, the facts stated in said letter to be true, and that said plaintiff was about to leave the state for the purpose of defrauding his creditors, and not knowing any justice of the peace at Castleberry, for the purpose of having suit commenced upon said Ferdon while said Ferdon was at Castleberry, dictated and caused to be written the letter set out in the first count of the complaint to the said Bank of Castleberry, as his agent, to have said suit brought, and the person to whom the defendant dictated said letter was the stenographer in the employ of the defendant's firm, and whose business it was, under such employment, to write the letters dictated by the defendant in regard to said firm's business, and, other than dictating said letter and causing the same to be mailed, the defendant did not write or speak of any of the matters alleged in any of the counts of the complaint, and the defendant avers that the statements made by him in the letter were not, at the time of the making thereof, known to him to be false."

The plaintiff filed demurrers to the original second plea, and, also, to the second plea as amended. The demurrers to the second plea as amended were overruled. The trial was had upon issue joined upon the first and second pleas. The court, at the request of the defendant in writing, gave to the jury the general affirmative charge for the defendant, and refused a similar charge for the plaintiff which was requested by him in writing. There were numerous exceptions to the rulings of the court on the trial as to the admission and exclusion of evidence. The judgment overruling the demurrers to plea No. 2, the giving of the affirmative charge for the defendant, the refusal of the affirmative charge for the plaintiff, together with the rulings upon

the admission of certain portions of the evidence upon the trial, and the overruling and sustaining of objections to questions propounded to witnesses, are assigned as errors for review on this appeal.

There can be no doubt that plea No. 2 was filed and treated as a plea in bar. It is the only possible justification or excuse for the court's giving the general affirmative charge for the defendant. As a plea in bar it is too clear and certain for argument that it was wholly insufficient. The matters and facts alleged therein, under our statute, may be given in evidence under the general issue, in mitigation of damages, but certainly such matters cannot constitute a defense or bar to an action of libel. It is therefore only necessary to determine whether or not the demurrer sufficiently challenges the defects of the plea. While many of the grounds alleged in the demurrer are insufficient and do not point out the defect or insufficiency in as definite language as might be employed, we think some of the grounds sufficiently certain to authorize—indeed, to impel—the court to sustain the demurrer to a plea so palpably insufficient as this.

The plea being fatally defective, in substance, as a plea in bar, and the matters and facts set out in such plea being available to the defendant under the general issue, in mitigation of damages only, and not in defense, it could have been stricken from the file, upon motion, without putting plaintiff to a demurrer. This being true, a very general demurrer would be sufficient. The palpable defect in the plea was that the matters and facts alleged in the plea were availing only as evidence in mitigation of damages, and not in bar of the action. While this particular ground is not clearly and succinctly stated in the demurrer, yet we hold the demurrer sufficient to test this question. The plea in ques-

tion is a very clear, concise, and intelligent statement
of the facts under which the alleged libelous letter was
written and published, but succinct and clear as these
facts are made to appear, if true, they would constitute
no defense to the action, being at most competent to be
given in evidence, under the general issue, merely in mit-
igation of damages.—Code 1907, § 3746 (section 1438
of the Code of 1896.)

Parts of the letter which form the basis of the alleged
libel are unquestionably libelous per se. Written or
printed language which is published and which clearly
charges dishonesty or fraud is actionable as for libel.
A publication which imputes an unwillingness to pay
just debts is libelous per se, for the reason that its ten-
dency is to destroy a party's reputation for integrity and
fair dealing.—25 Cyc. 256-258. As the court has said,
through Tyson, J., in the case of *Wofford v. Meeks,* 129
Ala. 350, 30 South. 625, 627, 55 L. R. A. 214, 87 Am. St.
Rep. 66, after quoting from the case of *Iron Age Co. v.
Crudup,* 85 Ala. 520, 5 South. 332; "If the words em-
ployed in the alleged libelous publication impute dis-
honesty or corruption to an individual, they are action-
able per se—a principle well established in our juris-
diction"—citing 13 Am. & Eng. Encyc. Law, pp. 295-
296, note 3.

The dictation of a libelous letter to a stenographer,
who copies it from his notes on a typewriting machine,
and the subsequent signing thereof by the person dictat-
ing, is a publication of the contents of the letter sufficient
to support libel or slander, although there is no commu-
nication of its contents to any other person.—*Gambrill
v. Schooley,* 93 Md. 48, 48 Atl. 730, 52 L. R. A. 87, 86
Am. St. Rep. 414. Whether allegations and proof of the
truth of an alleged libel or slander are available in bar
to an action of libel and slander, or only in mitigation

of damages is a question which, if settled at all, is not certainly settled in this state. Our statute upon this subject (section 3743, Code 1907; section 1438, Code 1896; section 226, Code 1852) is as follows: "In all actions of slander or libel the truth of the words spoken or written or the circumstances under which they were spoken or written may be given in evidence under the general issue in mitigation of damgaes."ᴀ

This statute first appeared in the Code of 1852, and has reappeared in every succeeding Code without material change. We have always had a constitutional provision relating to prosecution for libel of public officers or to any matter proper for public information; and have always had a constitutional provision that, in all indictments for libel, the jury have the right to determine the law and the facts, under the direction of the court. This constitutional provision first appeared as section 14 of article 6 of the Constitution of 1819, which was as follows: "In prosecutions for the publishing of papers investigating the official conduct of officers or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence; and in all indictments for libels, the jury shall have a right to determine the law and facts, under the direction of the court." This provision has ever since remained the same, in the various Constitutions, and now appears as section 12 of the Bill of Rights of the present Constitution. It will be observed that the constitutional provision is limited to "prosecutions" (which we assume to mean criminal prosecutions, though as to this we do not decide); and it is limited to publications concerning officers or men in public capacity, or to matters proper for public information. A somewhat similar Code provision first appeared in the Code of 1852 as section 2225, has appeared in all suc-

ceeding Codes, and is now section 3745 of the Code of 1907. In the Code of 1852, this action, like the Constitution, was limited to prosecutions. The change from prosecutions generally, to civil actions, was first made in the Code of 1886. What effect this and a few other constitutional and statutory provisions in this state may have had to differentiate our rules of law and practice regulating the trials of libel and slander from those in other states and in England, so far as we know, has not been decided in this state—that is to say, whether the truth of the matters constituting the alleged libel or slander can be set up by a special plea in bar to an action of libel and slander. The rule seems to be well settled in most of the United States and in England that in civil actions, where the defendant alleges and establishes the truth of the matter charged as defamatory, libelous or slanderous, it is a complete defense; and that, in such cases, it is immaterial whether the words were published maliciously and without probable cause.—25 Cyc. 413.

In the case of *Hereford v. Combs,* 126 Ala. 369, 28 South. 582, Mr. Justice Tyson, in referring to our statute (section 3746, Code 1907) uses this language: "The truth of the words spoken, or the circumstances under which they were spoken, if established by the evidence, merely go in mitigation of the damage." In that case the defendant filed three pleas. The first was the general issue; the second, that the statements alleged to have been made by the defendant, defamatory of the plaintiff, were true; and, third, that the statement by the defendant to the effect that the plaintiff had sworn to a lie was made in open court by the defendant, in denial of a statement made by the plaintiff while testifying as a witness in a certain cause. The pleas are not set out in full, either in the statement of facts or in the

opinion. The above description of the pleas is taken
from the opinion. Justice Tyson, in speaking of the
second plea, says: "It is a plea in bar to the entire com-
plaint, and does not limit the matters of defense to
merely mitigating the amount of damages recoverable.
As a plea in bar, it presents no immaterial issue, and,
issue having been taken on it, the defendant was entitled
to have the issue raised under it passed upon by the
jury; hence the charge of the court in which it instruct-
ed the jury as follows: 'If from all the evidence you are
reasonably satisfied that the statement made by the
defendant against the plaintiff is true, you should find
for the defendant, and, in that event, the form of your
verdict would be, We, the jury, find for the defendant,'
involved no error of prejudice to the defendant"—the
necessary inference being that the charge would be er-
roneous but for the fact that issue had been joined upon
an immaterial plea, and that a plea setting up the truth
of the libelous matter is only good in mitigation of dam-
ages and not in bar of the action.

In this same case, Justice Tyson, in speaking of the
rule announced in *Spruil v. Cooper,* 16 Ala. 791, to the
effect that, in an action of slander charging the plain-
tiff with perjury, if the defendant pleads the truth of
the charge in bar of the action, he must introduce such
proof in support of his plea as would be required to con-
vict the plaintiff on an indictment for that offense, said:
"It is true that this opinion was delivered prior to the
enactment of the statute which now constitutes section
1438 of the present Code"—but held that that provision
of the Code did not change the rule that the failure of
the defendant to prove the truth of his plea of justifica-
tion to the satisfaction of the jury was in aggravation
of the damages. While it was not necessary to a decis-
ion of that cause, this case expressly holds that the truth

of the alleged libel or slander is only allowable in miti-
gation of the damages and not in the bar of the action,
but, if it be pleaded in bar without objection, defendant
would be entitled to a verdict upon it if proven, or upon
a failure to prove it, he would be liable to have the dam-
ages increased against him because of his failure to
prove it.

In the case of *Gaither v. Advertiser Co.,* 102 Ala. 458,
14 South. 788, Chief Justice Stone, in referring to the
same statute, which was then section 2725 of the Code
of 1886, uses the following language (bottom of page
463 of the opinion, 102 Ala. and page 790 of 14 South.) :
"Of course the defense provided for under section 2725
of the present Code is open to the defendant, and, if
it can be shown that the publication as to its averred
facts is true, this will be an answer to the action." This
as in the case of *Hereford v. Combs,* may be said to be a
dictum, and it will also be observed that in section 2725
of the Code of 1886 (as it is in the present Code) only
provided (as it now provides) that the truth of the
words spoken or written might be given in evidence un-
der the general issue, in mitigation of damages. Wheth-
er Chief Justice Stone meant to say that it will be an
answer only in mitigation of damages, or whether he
meant to say that if it were pleaded specially it would
be a bar to the entire action, is uncertain. These two
dicta are the nearest to a decision of this question which
we have been able to find. If the truth of the libelous
matter, prior to the statute, could be pleaded specially
in justification (and it seems that it could be done, and
was done, in this state), it does not seem that the stat-
ute which merely allows the truth of the words spoken
or written, or the circumstances under which they were
spoken or written, to be given in evidence, under the gen-
eral issue, in mitigation of damages, would deny the right

[Ferdon v. Dickens.]

to plead them specially, in justification. It appears that, prior to and without the statute, this could not be done under the general issue alone, either for the purpose of mitigating damages, or in bar of the action; but, for such evidence to be admissible at all, it could be only under a special plea. It is certain and clear that giving such matter in evidence, as is prescribed in the statute, under the general issue, would not be in bar and could not be taken as a bar of the action.

Is it possible, if A. steals B.'s horse, and is indicted for the larceny thereof, and is duly and legally convicted, and B. or a third party says publicly, or writes in a letter, or prints in a paper, that A. has been convicted of larceny in the stealing of B.'s horse, that A. can maintain an action against B. or such third party for such publication, notwithstanding he did not and could not deny the truth of the matter published? We do not think that such is or ought to be the law in this state. That was the ancient rule as to criminal libels, and when first announced it was intended to apply only to libels against the sovereign or crown, and was only so then, upon the theory that the King could do no wrong, and that a defamer, libeler or slanderer of the sovereign would not be allowed in the sovereign courts to attempt to prove the charge. The rule was continued for a long time, but was applied only in criminal prosecutions, for the reason that it was against public policy and good morals, the peace and good order of society, to allow the repetition, in or out of court, of matters which would constitute a criminal libel, the truth of a libel could not be shown as a defense in a criminal prosecution, because it was said that the publication of a libel incites and provokes the mischief designed to be repressed by public prosecutions of libel.—*State v. Lehre*, 2 Brev. (S. C.) 446, 4 Am. Dec. 593; *Smith v. State*, 32 Tex. 594; *Com.*

*v. Morris,* 1 Va. Cas. 176, 5 Am. Dec. 515. But this rule does not prevail as to civil actions. In these actions the defendant is justified in law, and exempt from all civil responsibility, where he alleges specifically, and establishes conclusively, the truth of the matter charged as libelous, and it is evidently the law in this state unless the Constitutions and statutes of this state have changed the rule. As we have stated above, there are dicta both ways, but there is no express decision.

Tracing the history of the civil action of libel and slander, from the common law of England down to its present form, in this state, we think the true rule to be gathered from the Constitutions and statute, and from the decisions of this and other courts, is that in all actions of slander or libel the truth of the words spoken or written, or the circumstances under which they were spoken or written, may be given in evidence, under the general issue, in mitigation of damages. There is no doubt of this proposition, because it is in the exact language of the statute; but in order for the truth of the words spoken or written to be a bar, or a complete defense, it must be specially pleaded in justification; that is to say, in order for such matters to be a bar, the plaintiff must be apprised of the defense by a special plea, but the failure to plead such special plea, as a bar, under the statute, will not prevent the defendant from giving them in evidence under the general issue, in mitigation of damages. This we think to be the rule, the just rule, and one in consonance with our laws and systems of pleading and practice. Defamation, libel, or slander constitutes a group of actions and offenses closely interrelated, each being an indictable offense either at common law or by statute, and for each of which a civil action will lie. Libel was at common law an indictable offense, as well as a civil action; and it was held that an indictment would

13—161

lie wherever a civil action would lie; but not vice versa. —*Miller v. Butler,* 6 Cush. (Mass.) 71, 52 Am. Dec. 768.

We hold that a special plea in an action of libel or slander, which alleges or sets up a state of facts showing that the alleged slander or libel was privileged, would be a complete defense; but under our statutes, this, as well as a plea of justification alleging the truth of the charge or publication, if intended as a bar or a complete defense, and not simply one in mitigation of damages, should be specially pleaded, and it should set forth facts sufficient to show that the publication or charge was made on a privileged occasion or under circumstances and conditions which made it privileged in law, with a denial that it was published with malice, unless it be a case where the words are absolutely privileged. This plea is in the nature of a plea in confession and avoidance. It is essential that a special plea in libel and slander, in order to constitute a complete defense, should answer the whole ground of action relied upon in the complaint.—25 Cyc. 456-458. At common law the defendant could not plead several defenses to the same part of the declaration, nor to the same entire declaration. This was changed by the statute of 4th Anne so that the defendant could plead as many special matters as he thought necessary for his defense, provided he could obtain leave of the court—that is to say, by the statute of Anne it was discretionary with trial courts of record to permit or to deny such pleas.— 1 Chitty's Pleadings, p. 341. By our statutes as originally enacted (see Clay's Digest, p. 332, § 109), the defendant could, as matter of right under the statute, plead as many pleas as he thought proper, and do so without leave of the court.—*Pope v. Walsh's Adm'r,* 18 Ala. 631. Each plea must stand or fall by itself. Each

plea, no matter how many are filed, is as disconnected from the others as if on a separate record, and one plea cannot be admitted on the trial to prove or disprove another plea. The issues on each must be entirely distinct and must be tried accordingly; notwithstanding they may be inconsistent with and contradictory of each other, one cannot be used to prove or disprove the other.—*Dope v. Welch's Adm'r.,* 18 Ala. 631.

Collier, C. J., in *Scott v. McKinnish,* 15 Ala. 662, says: "Under the plea of not guilty, in an action of slander or libel, the defendant may prove in mitigation of damages anything short of a justification which does not necessarily imply or tend to prove the truth of the words charged; but he cannot be permitted to prove facts and circumstances which conduce to establish the truth, or which form a link in the evidence to make out a justification." Again, it was held in *Williams v. Cawley,* 18 Ala. 206, that in actions of slander and libel the defendant may prove the facts and circumstances in reference to which the words were written or spoken, for the purpose of showing that he did not intend by the use of them to impute to the plaintiff the crime, which, standing alone, they would naturally import. In *Pope v. Welsh's Adm'r.,* 18 Ala. 631, it was held that in an action of slander the general bad character of the plaintiff may be given in evidence, under the general issue, in mitigation of damages, notwithstanding the defendant may have also interposed a plea of justification.—*Fuller v. Dean,* 31 Ala. 654.

While it is a general rule of law that a party will not be allowed to deny what he has affirmed of record in his plea, and that parties are bound by their pleadings, yet this rule does not extend to the limit of allowing one of several pleas in the same cause of action to prove or disprove another inconsistent plea. Our statute allows

such inconsistent pleas, and to invoke the rule would defeat the object and purpose of the statute, and remit the parties to their rights at common law.—*Pope v. Welsh's Adm'r.*, 18 Ala. 631. There are various opinions, in reported cases, in statutes, and by text-book writers, to the effect that ordinary circumstances of mitigation cannot be proven in defense of libel or slander, under the general issues, if justification has been also pleaded; but such opinions and statements of the proposition applied only to cases where the courts were trying under the statute of Anne or similar statutes, by which the right to plead double was left to the discretion of the court. But this cannot be the law in our state, where a party may plead double, under the statute, as of right and without leave of the court.—*Pope v. Welsh's Adm'r.*, 18 Ala. 631.

Plea No. 2 in this case, neither as originally filed nor as amended, is sufficient as a plea in bar or a complete defense. It is insisted by the counsel for appellee, the defendant below, that the plea is not intended as a plea of justification in alleging the truth of the publication, but that it is a plea setting forth the facts and circumstances attending the writing of the words and the publication, which showed it to be a privileged, and not a libelous, publication. The plea we hold to be insufficient as a plea in bar, if intended for the purpose set up by the appellee. It is claimed that it is a mere instruction, from a principal to an agent, to institute attachment proceedings against a debtor who (the creditor had probable cause for believing) had left, or was about to leave, the state, for the purpose of defrauding his creditors; and that it is simply a suggestion, by the principal to his agent, of a manifest reason for having no confidence in the promises of the debtor. Concluding that, if this be not true, then the enforcement of one's

right by attachment, through the instrumentality of an attorney or agent, as based upon the information communicated by the principal to the agent, is extremely hazardous.

A sufficient answer to this is that neither the letter nor the plea shows that it was an instruction merely, by a creditor, to his agent or attorney, to institute attachment proceedings. The letter was not written to a special agent or attorney of the creditor instructing him to the end of having him sue out an attachment. It did not request the suing out of the attachment, nor was it merely an attempt to state the grounds which existed, for the suing out of an attachment. Neither does the plea allege that it was written for that purpose or with that intention. The letter begins: "We return the papers in the Ferdon case with the request that you present again, and, if not paid, please turn over to some justice of the peace with instructions to sue." There is here no instruction to. the bank to even institute the suit, but only to present the papers for payment, and, if not paid then, to turn them over to a justice of the peace with instructions to the justice to sue. There is no instruction to sue out an attachment; nor does the plea allege that there was any such intention. The plea alleges that for the purpose of having suit commenced against said Ferdon, while he was at Castleberry, defendant dictated and caused to be written the letter set out in the complaint. It will be seen that there was no reference in the letter or the plea to the intention or necessity of suing out an attachment. If this had been a letter by a creditor to his attorney or agent, informing him of a state of facts which justified the issuance of an attachment, with instructions to sue, we are not prepared to say that it would not be privileged. But the letter was only written by the creditor to a bank—not

to any particular person or agent, but to a bank—for the purpose of having it either to collect the draft, or, upon failure, to turn it over to a justice of the peace, with instructions to sue the defendant, and, for aught that appears, not to sue by attachment, but by a personal action of summons and complaint.

We do not think that the allegations contained in this plea bring the letter within the class of privileged communications so as to excuse entirely. If the writer was in error in his conclusions that the plaintiff was about to leave the state for the purpose of defrauding his creditors, and that if his "intentions were honest and sincere he would have remitted a long time ago"; that he had "no confidence" in the plaintiff's "representations" to the bank; that he could pay the bank at Castleberry as well as to defendant at Mobile if he had "any honesty or sincerity of purpose to pay"—then the letter was libelous. Both the complaint and the plea allege that this letter was dictated by the defendant to a stenographer and copied on a type-writer, and that the defendant caused the same to be mailed to the Bank of Castleberry, at Castleberry, Ala. This was unquestionably a sufficient publication of the letter if it was libelous. We hold that the letter was libelous, and that the circumstances attending its writing and publication, set forth in the plea, do not bring it within the class of privileged communications.

Libelous statements which are of a privileged character are either absolutely or conditionally privileged. An absolutely privileged communication is one against which no remedy can be had by a civil action; whereas, a conditional or qualified communication is one which furnishes only prima facie a legal excuse for making it. The class "absolutely" privileged is very limited, while that of "conditionally" or "qualifiedly" privileged

is quite large. A privileged occasion is one on which a privileged person is entitled to do something which no one not within the privilege is entitled to do on that occasion. In the case of absolutely privileged occasion, the weight of authority seems to hold; It is immaterial whether the person making the libelous statement was actuated by malice or not, though there is a respectable line of authority which holds to the view that proof of express malice in making any libelous statement will render the publisher liable. But all of the authorities seem to hold that proof of express malice in making a conditionally privileged libelous statement will render the publisher liable. Justification, as applied to the law of libel and slander, does not imply that something has been done which is privileged or excused.

It was competent and permissible for the plaintiff to show how much property he owned in Alabama at the time he was alleged by the defendant to be leaving, or to have left, the state, in order to defraud his creditors, and the trial court clearly erred in refusing to allow proof as to this matter.

It was also competent for the plaintiff to show that the libelous letter written to the bank had damaged him, provided he could do so by competent evidence. The question propounded to the plaintiff, "Did this letter cause you damage with the bank?" we think was a proper question, and it was error to sustain an objection thereto. But the question "Did you have to file an explanation with them of this transaction?" we think was an improper one, and there was no error in sustaining an objection to it. While it might have been proper for him to file such explanation, the letter, of course, could not have compelled him to do so. The answer of the witness to the question "If I had not resented it, it would have ruined me" was properly excluded; it was a mere

conclusion of the witness as to what might have happened.

Without discussing separately each assignment of error as to the admissibility of evidence offered by and allowed to the defendant, over the objection of the plaintiff, it is all-sufficient to say, we think, that the evidence offered by the defendant was admissible, not in justification, but in mitigation, of damages, under the statute in this state (section 3746 of the Code of 1907). All of this evidence was admissible, under the general issue, in mitigation of damages, but not in bar of action. The only possible theory upon which the general affirmative charge could have been correctly given for the defendant in this case was that special plea No. 2 was good in bar, and that the evidence of the defendant proved this plea beyond question. We have shown that this was not a good plea in bar of the action, whether considered as a plea of justification or as one showing the matter to be privileged, and, consequently, it was palpable error to give the general affirmative charge for the defendant. If the plea had alleged that the facts stated in said letter were true, instead of alleging that the defendant believed them to be true, it might have been good as a plea of justification; for if the defendant had written nothing in that letter except things that were true, then, of course, the act was not a libel. But the mere fact that the defendant believed they were true could not amount to a complete defense if they were in fact false; the letter not being written at a time nor on an occasion such as would be classed privileged. In short, the plea did not affirm that the facts stated in the letter were true, nor did it allege sufficient facts to show that the matters were privileged. The most that can be said of the plea is that it was good as a statement of facts which, if true, would be available in mitigation of damages. However, it is clear that it was not intended to be, and was not

[Jacobs v. Roach.]

treated as such, but, instead, as a plea in bar. The defendant not only testified that he acted in good faith in writing this letter, and that he believed the facts stated therein to be true, but he testified absolutely that they were true. If the plea had alleged this it would have been good in bar, and if the jury had believed his evidence, they could have found a verdict for the defendant upon this evidence; but, the plea being bad as one in bar, this evidence could only be admissible under the general issue, or, under this plea, in mitigation of damages.

For the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON, DENSON, and SAYRE, JJ., concur.