**UNITED STATES STEEL CORP., Plaintiff-Appellee,**

v.

**Elton H. DARBY, Defendant-Third Party Plaintiff-Appellant,**

v.

**SOUTHERN FABRICATING COMPANY, INC., Third Party Defendant.**

No. 74–2665.

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1975.

Robert L. Potts, Ernest N. Blasingame, Jr., Florence, Ala., for defendant-third party plaintiff-appellant.

John D. Clements, Birmingham, Ala., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and THORNBERRY, Circuit Judges.

---

THORNBERRY, Circuit Judge:

In early 1970 Southern Fabricating Company, Inc. began to make regular credit purchases of steel manufactured by United States Steel Corporation (USS). The manufacturer filled steel purchase orders in April, May, and June 1971 despite Southern Fabricating's failure to keep current on its payments. Several times in May 1971 USS unsuccessfully attempted to determine the reason for the delinquency. Then in June 1971 Southern Fabricating personnel asserted that the steel had proved defective. Relations between the two companies deteriorated during the summer of 1971, and they ceased dealing with each other in August 1971. Southern Fabricating then had an outstanding balance of approximately $84,000 in their account with USS. On July 6, 1972 USS filed suit on a guaranty agreement to recover this amount from E. H. Darby,[1] owner of a controlling interest in Southern Fabricating.

In addition to denying liability under the guaranty agreement, Darby counterclaimed against USS for defamation of his business reputation, and, in a third party complaint, sought indemnity from Southern Fabricating for any amounts paid to USS. Southern Fabricating entered into the proceedings with a breach of warranty claim against USS. The parties eventually settled the quality claim that generated the litigation, with Southern Fabricating and Darby paying USS $64,500. Darby's defamation claim against USS was expressly excepted from the settlement agreement, but the district court subsequently granted USS's motion for summary judgment on that claim. That action forms the basis for Darby's appeal here. After a careful review of the record, we find the district court properly granted summary judgment for USS and affirm.

Fed.R.Civ.P. 56 governs motions for summary judgment. The district court shall render summary judg-

---

1. Darby owns or controls about thirty different business entities. Southern Fabricating Company, Inc. is a wholly-owned subsidiary of Southern Sash Sales & Supply Company, Inc. in which Darby holds a controlling interest.

ment for the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[2] The moving party bears the burden of showing both the absence of a genuine issue as to any material fact and that judgment is warranted as a matter of law. Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc., 479 F.2d 135 (5th Cir. 1973); Palmer v. Chamberlin, 191 F.2d 532 (5th Cir. 1951). In considering the motion, the district court must draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues. Dassinger v. South Central Bell Tel. Co., 505 F.2d 672 (5th Cir. 1974); 10 C. Wright & A. Miller, Federal Practice & Procedure § 2712. The appellate court reviewing the district court's action on a motion for summary judgment employs the same standards. Poller v. Columbia Broadcasting System, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc., *supra*; 10 C. Wright & A. Miller, Federal Practice & Procedure § 2716.

 The essence of the tort of defamation is injury to one's public reputation. Dungan v. State, 2 Ala.App. 235, 57 So. 117 (1911). As the Alabama Supreme Court recently stated:

> The definitions of libel, as found in the cases, vary somewhat in phraseology, and are more or less comprehensive, as may be called for by the particular charge involved in the case. Generally, any false and malicious publication, when expressed in printing or writing, or by signs or pictures, is a libel, which charges an offense punishable by indictment, or which tends to bring an individual into public hatred, contempt, or ridicule, or charges an act odious and disgraceful in society. This general definition may be said to include whatever tends to injure the character of an individual, blacken his reputation, or imputes fraud, dishonesty, or other moral turpitude, or reflects shame, or tends to put him without the pale of social intercourse.

Bowling v. Pow, 293 Ala. 178, 301 So.2d 55 (1974) (quoting Justice Merrill in McGraw v. Thomason, 265 Ala. 635, 93 So.2d 741 (1957)). Publication of the defamatory matter is an essential element of the tort. Burney v. Southern Ry., 276 Ala. 637, 165 So.2d 726 (1964); Weir v. Brotherhood of Railroad Trainmen, 221 Ala. 494, 129 So. 267 (1929). That element is missing here.

Alabama originally adopted a very liberal interpretation of the publication requirement in defamation cases. In Ferdon v. Dickens, 161 Ala. 181, 49 So. 888 (1909) the Alabama Supreme Court found that dictation of a libelous letter to a stenographer constituted sufficient publication to maintain an action for defamation. But in Burney v. Southern Railway Co., 276 Ala. 637, 165 So.2d 726 (1964), the Alabama Supreme Court limited the *Ferdon* principle in the corporate context. In *Burney*, the Alabama court reviewed a lower court's grant of summary judgment for the defendant who had dictated an allegedly libelous memo to Burney and another person accusing them of falsifying their time tickets for July 22, and July 23, 1958. The memo was never shown to anyone other than a Southern Railway Company em-

2. The district court's order granting USS's motion for summary judgment states that "based on the existing pleadings there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment on defendant's counterclaim as a matter of law." Darby uses this statement to argue that the district judge failed to comply with Fed.R.Civ.P. 56(c) that requires him to consider the pleadings, depositions, answers to interrogatories, and any affidavits filed in ruling on the motion for summary judgment. We reject that claim. The parties submitted various materials in support of and in opposition to the motion, and the court heard oral argument before ruling. We think that the district court in its order used the word "pleadings" in a broad sense to encompass all the materials relevant under Rule 56(c).

ployee. After reviewing the relevant Alabama decisions, Justice Merrill stated:

> We reaffirm the holding in Ferdon v. Dickens, 161 Ala. 181, 49 So. 888, and Berry v. City of New York Ins. Co., 210 Ala. 369, 98 So. 290, but also reaffirm the limitations of these two cases as limited by McDaniel v. Crescent Motors, Inc., 249 Ala. 330, 31 So.2d 343, 172 A.L.R. 204, that where the letter is dictated by a corporate employee to a fellow corporate employee in the course of transacting the corporation's business and in the line of their duty as employees of the corporation and the letter is sent to another fellow corporate employee and it is in respect to that employee's relations with the corporation, there is not sufficient publication to sustain an action for libel.

165 So.2d at 730–31.

■ Darby's defamation claim is bottomed on two memorandums prepared by USS employees.[3] On January 25, 1972, P. R. Gross, the Midwest Area Treasurer of USS, sent out a memo stating that Southern Fabricating Co. was in financial difficulty. The memo listed E. H. Darby Co., Darby's sole proprietorship as a Southern Fabricating Co. affiliate. The other communication was a "Doubtful Account Mailgram" prepared by USS Treasurer R. J. Frysinger on January 18, 1972. That letter similarly stated that Southern Fabricating Co. was in financial difficulty and unable to pay its account. It also instructed its recipients to issue stop payment orders on E. H. Darby Co. if a vendor relationship existed.[4] All of the addressees of the two communcations were employees of United States Steel Corporation or one of its wholly owned subsidiaries. At no time did the memos circulate outside the USS corporate sphere.

USS employees prepared the memorandum in the ordinary course of business. They circulated it to other employees of USS or a wholly owned subsidiary of USS. While Darby was not a USS employee, we do not read the Alabama Supreme Court's decision in *Burney* as limited to that situation. In our opinion *Burney* establishes that one of the essential elements of the defamation cause of action—publication—was missing here. The district court properly granted summary judgment for USS.

Affirmed.

---

3. Since we affirm the district court on the grounds that there was no publication of the memoranda, we assume there was a material fact issue as to their defamatory nature.

4. Both memos primarily concerned Southern Fabricating Co., Inc. They also contained references to Southern Sash Wholesale, Inc. and Southern Sash Supply Co., Inc. as well as E.

H. Darby Co. Though Darby controlled all these business entities, his stock ownership does not entitle him to sue for defamatory statements about the corporations. His cause of action rests on allegedly defamatory statements about E. H. Darby Co., his sole proprietorship. *See* McBride v. Crowell-Collier Pub. Co., 196 F.2d 187, 189 (5th Cir. 1952).