**BRILLION IRON WORKS, a Division of Beatrice Foods Co., Plaintiff,**

v.

**Gilbert SIMPSON, d/b/a Allied Farm Center, Grenada, Mississippi, Defendant.**

**No. WC 78–84–S–P.**

United States District Court, N. D. Mississippi, W. D.

Nov. 28, 1979.

Terry B. Morris, Oxford, Miss., for plaintiff.

Henry L. Lackey, Calhoun City, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon the plaintiff's motion for summary judgment. The plaintiff, Brillion Iron Works, is a division of Beatrice Foods Company, a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business in Wisconsin. The defendant, Gilbert Simpson, doing business as Allied Farm Center, is a citizen of Grenada County, Mississippi. Jurisdiction of this court is based upon diversity of citizenship, and the amount in controversy exceeds Ten Thousand Dollars. 28 U.S.C. § 1332(a).

In accordance with the generally accepted view, the court must make all inferences of fact in favor of the party opposing the motion. *Pennsylvania v. Curtiss National Bank*, 427 F.2d 395, 400 (5th Cir. 1970). The burden is on the movant to demonstrate, by way of the pleadings, affidavits, or any other method of proof contemplated by Rule 56, that there are no genuine issues as to any material facts, and that he is entitled to a judgment under applicable principles of substantive law. *United States Steel Corp. v. Darby*, 516 F.2d 961 (5th Cir. 1975). Based upon the allegations of the plaintiff's complaint and the affida-

vits submitted in support of and in opposition to the plaintiff's motion, the court is of the opinion that the plaintiff has not sustained its burden.

The facts of this action, as set forth in the pleadings and affidavits, indicate that on June 29, 1973, the plaintiff and defendant entered into a written agreement or contract, which was entitled "Dealer Security Agreement." Allied Farm Center, as the dealer, was to purchase equipment from time to time from Brillion Iron Works (hereinafter referred to as "BIW"), for the purpose of reselling such equipment. All orders by the dealer were to be governed by the price lists in effect on the date of the order, and BIW retained a security interest in all of the equipment purchased during the terms of the agreement. The plaintiff alleges in its complaint that BIW sold and delivered certain equipment to Allied Farm Center, for which BIW has not been paid. The amount alleged to be due to BIW in the complaint is $16,084.86; however, plaintiff has acknowledged in its motion for summary judgment that a partial payment by the defendant has reduced the outstanding debt to $12,174.84.

Plaintiff's motion for summary judgment, supported by two affidavits, alleges that there is no genuine issue of material fact, on the grounds that the parties entered into a contract, the terms of which are certain, and that the defendant has breached that contract by refusing to pay in full. The affidavit of Willis Scharf, who is the credit manager for BIW, itemizes the outstanding invoices and the payments which were credited to the defendant's account. Mr. Scharf also discusses the steps which he had taken to demand payment of the remaining obligations from the defendant.

The affidavit of Terry Morris, counsel for BIW, states that the defendant tendered a check to BIW on February 1, 1978, in the amount of $9,942.88. This check was conditioned, however, as "payment in full" of the defendant's account, and under that condition it was returned as not acceptable.

The affidavit of the defendant, Gilbert Simpson, in opposition to the plaintiff's motion, states that the plaintiff charged certain items to the defendant's account without justification, and that the plaintiff disallowed a credit which was due to the defendant when the defendant transferred certain equipment to another dealer. Mr. Simpson states that this transfer was carried out with the authorization of plaintiff's agent.

The controversy between the parties involves the difference between the total amount which the plaintiff claims to be due, $12,174.84, and the amount which was tendered to the plaintiff as payment in full, $9,942.88. This difference of $2,231.96 includes three separate items. First, as explained in the affidavit of Willis Scharf, BIW elected to take possession of certain equipment from the defendant, when it determined that the defendant was in default. In doing so, BIW credited the dealer's account with the current wholesale price of the equipment, as provided in Paragraph 10 of the additional security agreement provisions. That paragraph also provides that "BIW's reasonable costs and expenses of taking possession of, holding and transporting the property, preparing it for sale and selling it, and attorney fees in connection therewith shall be deducted from the amount of any credit allowable" to Allied Farm Center. Under that provision, therefore, BIW deducted 15% of the value of the merchandise, or $808.98, for "handling and transportation charges." *See* Exhibit F to Affidavit of Willis Scharf. The defendant disputes this amount because he alleges that the plaintiff did not "take possession" of these goods, as provided in the agreement, but gave him the authorization to transfer the equipment to another dealer.

The second item included in the disputed amount is a charge for freight and assembly expenses of $721.92. Defendant contends in his affidavit that he should be credited this amount because the plaintiff authorized him to transfer the merchandise to another dealer. Mr. Simpson submits that "it is the normal, customary, usual and regular practice in the business that the dealer transferring equipment to another dealer is allowed to charge freight, assembly costs, tires and tubes in regard to the equipment so transferred." *See* Affidavit of Gilbert Simpson. Not only was this credit not allowed, but the defendant's credit for this transaction was reduced by $808.98, the first item in dispute. It is the plaintiff's contention that, according to the plain language of the security agreement, these charges are properly deducted from the dealer's credit, and the dealer therefore receives no additional credit for such expenses.

The third item in the disputed amount is the sum of $701.06 for interest charges, which the plaintiff claims are allowed under Mississippi law. Interest in the amount of $519.10 was deducted from the defendant's cash payment of $1,000.00 on May 5, 1978, and the remaining $480.90 was credited to the principal balance. *See*, Exhibit D to the Affidavit of Willis Scharf. The remaining charges represent the amount of interest incurred since May 5, 1978. *See*, Exhibit B to the Affidavit of Willis Scharf. Defendant's affidavit challenges the authority of the plaintiff to make such charges.

Based upon the pleadings and affidavits presently before it, the court is not convinced that the plaintiff has met its burden of proof. *United States Steel Corp. v. Darby, supra.* As the Fifth Circuit has stated:

> before rendering judgment the Court must be satisfied not only that there is no issue as to any material fact, but also that the moving party is entitled to a judgment as a matter of law. Where, as in this case, the decision of a question of law by the Court depends upon an inquiry into the surrounding facts and circumstances, the Court should refuse to grant a motion for summary judgment until the facts and circumstances have been sufficiently developed to enable the Court to be reasonably certain that it is making a correct determination of the question of law.

*Palmer v. Chamberlin*, 191 F.2d 532, 540 (5th Cir. 1951).

In considering the propriety of a motion for summary judgment in a contract action, the court must not look beyond the four corners of the document. *See, Bear Brand Hosiery Co. v. Tights, Inc.*, 605 F.2d 723, 726 (4th Cir. 1979); *Aetna Casualty and Surety Co. v. Giesow*, 412 F.2d 468 (2d Cir. 1969). The plaintiff, in supporting its motion for summary judgment, relies upon paragraph 10 of the additional provisions contained in the security agreement, stating that the language contained therein allows it to make the charges and credits against the defendant's account which were made. By way of opposing affidavit, however, the defendant has raised an issue which is not addressed in that paragraph, and which involves questions of fact not developed in the pleadings and affidavits. The specific factual questions involved are whether the defendant did indeed transfer certain equipment to another dealer, and, if so, whether he was authorized to do so by BIW. Assuming that this transaction took place, the question which is then raised is the effect of such a transfer on the provisions of the dealer security agreement. Ultimately, these issues may call for an interpretation of the contract, the question being whether a transfer from one dealer to another with the approval of BIW is an election by BIW to "take possession" of the property within the meaning of paragraph 10.

Making all factual inferences in favor of the defendant, the court is of the opinion that the issues have not been sufficiently resolved so as to sustain the plaintiff's burden. The pleadings and affidavits raise genuine issues of material fact which must await further proof before there is a final disposition. The plaintiff's motion for summary judgment should be denied, and an appropriate order will be entered.