31 So.2d 343

## McDANIEL v. CRESCENT MOTORS, Inc.
### 7 Div. 900.

Supreme Court of Alabama.
June 26, 1947.

Roy D. McCord and E. E. Parker, both of Gadsden, and W. D. DeBardeleben, of Anniston, for appellant.

Knox, Liles, Jones & Woolf, of Anniston, for appellee.

FOSTER, Justice.

This is a suit for slander. It is based upon a conversation at defendant's place of business in which there were present Press Adams, shown to be defendant's general manager, and F. W. Walker, the traffic manager, Joe Johnson, the local manager representing defendant, and H. E. Mason. The conversation was with reference to plaintiff, who was a local bus driver for defendant. The court declined to permit evidence of that conversation as the basis for slander, upon the ground that it was not a publication, and evidence of no other publication was offered.

At that time defendant's checker had made a report reflecting on plaintiff. Mr. Mason was at that time business agent for the local bus drivers, who had a union of which plaintiff was a member. He was also president of the local union. It was his duty as such business agent and president of the local to represent plaintiff and all members of the union in connection with any matter of their employment with defendant, including complaints. He had requested Mr. Walker to discuss with him any complaint which might come up against the union members and had discussed with him such matters on numerous occasions before the time here involved. On this occasion at one place in his testimony he says he was approaching Mr. Walker representing plaintiff as a member of the union, and

at another place in his testimony he said he went at Mr. Walker's invitation pursuant to his original request when he first went into office.

So that the conversation was between Mr. Mason and the three managers of defendant's business, about a report on plaintiff by defendant's checker.

■ There was no evidence that plaintiff had requested Mr. Mason to talk to these men or knew that he was doing so on that occasion. But Mr. Mason could testify what his duties were, and what his relation was to plaintiff. He did so to the effect that as to any complaint in connection with the employment of any of the union members he was authorized to represent them, and he asked to be informed as to such matters.

We think the court properly concluded that in that conversation Mr. Mason was the duly authorized agent of plaintiff discussing with three of defendant's managers a complaint which had been made as to plaintiff, a union member employee of defendant.

■ Publication is essential to slander, and it must be in the presence of one or more other parties. Penry v. Dozier, 161 Ala. 292 (18), 49 So. 909; Roberts v. English Manufacturing Co., 155 Ala. 414, 46 So. 752; Age-Herald Pub. Co. v. Huddleston, 207 Ala. 40, 92 So. 193, 37 A.L.R. 898; Weir v. Brotherhood of R. R. Trainmen, 221 Ala. 494, 129 So. 267.

■ So that if the words were spoken only to the complaining party or to his agent, representing him in the matter discussed and invited by him, it is not such a publication as will support an action for slander. This includes one who is interceding for the employee as his authorized agent and representative. Taylor v. McDaniels, 139 Okl. 262, 281 P. 967, 66 A.L.R. 1246; Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S.W.2d 246 (14), 146 A.L.R. 732; 33 Am. Jur. 105, section 93; 36 Corpus Juris 1224, section 171; Dickinson v. Hathaway, 122 La. 644, 48 So. 136, 21 L.R.A.,N.S., 33; Freeman v. Dayton Scale Co., 159 Tenn. 413, 19 S.W.2d 255.

There is some conflict of authority as to whether an answer to a letter written by an attorney of plaintiff and read by the attorney is a publication. The two cases last above cited hold that it is not a publication, but there are cases making a different holding. Brown v. Elm City Lumber Co., 167 N.C. 9, 82 S.E. 961, L.R.A.1915E, 275, Ann. Cas.1916E, 631; Alabama & V. Ry. v. Brooks, 69 Miss. 168, 13 So. 847, 30 Am.St. Rep. 528, see, 33 Am.Jur. 112, section 109.

■ Although Mason is not shown to have had special authority from plaintiff in respect to this matter, his testimony undisputed is that his office and position in the union made him such agent for all its members as to such matters. As such officer and agent he had requested defendant's traffic manager, Mr. Walker, who is charged with making the slanderous statement, to take up with Mason all complaints against union members. This included plaintiff. So that the statement made to Mason by Walker alleged to be slanderous was at the instance of plaintiff's agent acting for him. It therefore comes within the principle that if it was invited by plaintiff's agent and made to him, that alone is not a publication.

■ The fact that the words were spoken by one of defendant's managers in the presence of two other managers in the course of transacting defendant's business, and in the line of their duty as officers of defendant, all in respect to defendant's relations with plaintiff as an employee against whom complaint had been made in connection with his duties as an employee and in respect to that complaint does not alone make the conversation a publication so as to constitute slander. 36 Corpus Juris 1225, section 174; Prins v. Holland-North America Mortgage Co., 107 Wash. 206, 81 P. 608, 5 A.L.R. 451. The principle of our cases of Berry v. City of New York Ins. Co., 210 Ala. 369, 98 So. 290; Ferdon v. Dickens, 161 Ala. 181, 49 So. 888, should not be extended beyond the circumstances there stated.

In those cases the letter dictated to the stenographer related to one suing for libel who was not an employee of defendant. Many authorities hold that this is not a publication. 18 A.L.R. 778; 33 Am.Jur. 111, section 108. But the above cases have committed Alabama on that subject, but they do not apply when the managers of a

corporation discuss among themselves complaints in respect to an employee of that corporation, as disclosed by this record.

The question we are dealing with is one of publication and not that of a qualifiedly privileged communication, which loses its effect as privileged by malice. We do not reach the matter of privilege, malice or any other question until there is a publication.

The cases cited by appellant making a person liable for slander when it is qualifiedly privileged and malice is shown, do not apply when there has been no publication. Publication was not discussed in those cases. Kenny v. Gurley, 208 Ala. 623, 95 So. 34, 26 A.L.R. 813; Smith Bros. & Co. v. W. C. Agee & Co., 178 Ala. 627, 59 So. 647, Ann.Cas.1915B, 129.

Since it appears without conflict that the matter stated by Mr. Walker, defendant's traffic manager, was invited by plaintiff's agent, and made in his presence and in the presence of none other than defendant's managers acting in the performance of their duties, there was no publication shown, and therefore the court did not err in sustaining objection to the evidence offered by plaintiff of the details of the conversation with plaintiff's agent in a conference invited by him.

Appellant took a nonsuit on account of the adverse ruling of the court in that respect and to review that ruling. We think there was no error in it.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.