165 So.2d 726

James S. BURNEY

v.

SOUTHERN RAILWAY COMPANY.

6 Div. 951.

Supreme Court of Alabama.

June 18, 1964.

Rives, Peterson, Pettus & Conway, Birmingham, for appellant.

Cabaniss & Johnston, Leigh M. Clark and Frank C. Galloway, Jr., Birmingham, for appellee.

MERRILL, Justice.

This is an appeal from a judgment in favor of defendant in a libel suit and from the order overruling a motion for a new trial. The verdict was the result of the giving of the affirmative charge without hypothesis in favor of defendant on the ground that there was no publication of the libel.

Appellant was a railroad conductor assigned to the Norris Yard in Birmingham. D. E. Gwillim was an engineer and appellant's co-worker on the job. Their work consisted of the switching of cars incident to interchange of cars with railroads other than Southern Railway. Appellant turned in the time ticket for himself and the crew showing the termination of the job on July 22 and July 23, 1958, each of which included overtime. Three railroad officials were watching each of the nights in question and a report was sent to J. R. Tipton, Superintendent of Terminals, indicating a discrepancy between the times they saw the work terminate and the times reported on appellant's time ticket.

On July 24, J. R. Tipton wrote the following letter:

"Mr. J. S. Burney:
"Mr. D. E. Gwillim:
"Please report to this office for investigation 9:30 AM Friday, July 25, 1958, for falsifying your time tickets on July 22 and July 23.
"You may bring any witnesses or representatives you desire.

"Yours truly,
"/s/ J. R. Tipton
"J. R. Tipton
"Superintendent Terminals"

Appellee's answers to appellant's interrogatories, introduced by appellant, show that J. R. Tipton dictated the letter to, and it was typed by, Syble Davis Lee.

The complaint was in two counts and defendant pleaded in short by consent, which included the general issue, plea of privilege and a plea of truth.

When the plaintiff rested after presenting his evidence, appellee also rested, asked for and the court gave the following charge.

"1. The Court charges the jury that your verdict should be in favor of the defendant."

After giving the charge, the court said:

"THE COURT: Of course, I am charged with the responsibility of informing the Jury on what the law is in the case, and what the issues are in it. And upon the request of counsel I will state to you the Court has studied this case based upon the evidence presented, and the Court has concluded that there was no publication of the libelous or alleged libelous matter. That it was a matter within the corporation family so to speak, that is, from one corporate employee to another, and in the line and scope of those who wrote and circulated the alleged libelous matter.

"Now, the Court conceives that to be the law, and that is the basis for this charge that I am giving you. And, of course, it is subject to review at the instance of the Plaintiff if they disagree with that as being the law."

The three assignments of error charge in different language that the court erred in giving the charge.

■ Publication of the alleged defamatory words is essential to the maintenance of the action for libel and slander, and there must be a communication to one or more persons other than the parties. Penry v. Dozier, 161 Ala. 292, 49 So. 909; Weir v. Brotherhood of Railroad Trainmen, 221 Ala. 494, 129 So. 267, and cases there cited.

Appellant contends that the alleged libel was published when it was dictated by Tipton to his secretary. In Ferdon v. Dickens, 161 Ala. 181, 49 So. 888, this court said:

"The dictation of a libelous letter to a stenographer, who copies it from his notes on a typewriting machine, and the subsequent signing thereof by the person dictating, is a publication of the contents of the letter sufficient to support libel or slander, although there is no communication of its contents to any other person. Gambrill v. Schooley, 93 Md. 48, 48 A. 730, 52 L.R.A. 87, 86 Am.St.Rep. 414. * * *"

In Berry v. City of New York Ins. Co., 210 Ala. 369, 98 So. 290, the court was urged to limit the statement quoted supra, and it said:

"It is urged that on occasions of conditional or qualified privilege, we should reconsider or limit the above case. We have given careful thought to the argument. One element of libel is injury to one's good name in the mind of one who reads the libelous document. It is manifest that one who receives a dictation, takes notes, reduces same to typewriting, may be influenced in his or her estimate of the character of a person by libelous matter therein. On principle a man is as much entitled to protection in the esteem of a stenographer as of any one else.

"But it is urged that where liability is sought to be fastened upon a principal, which must rest upon an act of the agent, done in the scope of his employment, the dictation of a letter by one agent to another, who transcribes it, must be considered one act, in so far as it affects the principal. We think this contention ignores the essential nature of the libel. In the case supposed, the agent who dictates the letter causes it to be written, and, so read, is for the moment the alter ego of the principal. The injury does not consist in the loss of esteem by an absent and may be corporate employer. The evil effect is in the loss

of esteem by the stenographer in person, and not in any relation to the chief agent nor the common employer.

"We reaffirm Ferdon v. Dickens, 161 Ala. 181, 49 So. 888, and hold there was sufficient publication in this case, if the letter was otherwise libelous."

Certain it is that there was publication in the instant case under these two cases.

In 1947, the case of McDaniel v. Crescent Motors, Inc., 249 Ala. 330, 31 So.2d 343, 172 A.L.R. 204, was decided and the holdings in Dickens and in Berry were limited. The court said:

"The fact that the words were spoken by one of defendant's managers in the presence of two other managers in the course of transacting defendant's business, and in the line of their duty as officers of defendant, all in respect to defendant's relations with plaintiff as an employee against whom complaint had been made in connection with his duties as an employee and in respect to that complaint does not alone make the conversation a publication so as to constitute slander. 36 Corpus Juris 1225, section 174; Prins v. Holland-North America Mortgage Co., 107 Wash. 206, 181 P. 680, 5 A.L.R. 451. The principle of our cases of Berry v. City of New York Ins. Co., 210 Ala. 369, 98 So. 290; Ferdon v. Dickens, 161 Ala. 181, 49 So. 888, should not be extended beyond the circumstances there stated.

"In those cases the letter dictated to the stenographer related to one suing for libel who was not an employee of defendant. Many authorities hold that this is not a publication. 18 A.L.R. 778; 33 Am.Jur. 111, section 108. But the above cases have committed Alabama on that subject, but they do not apply when the managers of a corporation discuss among themselves complaints in respect to an employee of that corporation, as disclosed by this record.

"The question we are dealing with is one of publication and not that of a qualifiedly privileged communication, which loses its effect as privileged by malice. We do not reach the matter of privilege, malice or any other question until there is a publication."

The McDaniel case is supported by Prins v. Holland-North America Mortgage Co., 107 Wash. 206, 181 P. 680, 5 A.L.R. 451; Biggs v. Atlantic Coast Line R. Co., 5 Cir., 66 F.2d 87; Hellensen v. Knaus Truck Lines, Inc., 370 S.W.2d 341 (Mo.1963); George v. Georgia Power Co., 43 Ga.App. 596, 159 S.E. 756; Magnolia Petroleum Co. v. Davidson, 194 Okl. 115, 148 P.2d 468; Montgomery Ward & Co. v. Nance, 165 Va. 363, 182 S.E. 264; Mims v. Metropolitan Life Ins. Co., 5 Cir., 200 F.2d 800.

In the Prins case, the court said:

"Publication of a libel is the communication of the defamatory matter to some third person or persons. Here the communication was sent from the main office of the company to its branch office. Until the appellant himself spread the letter broadcast to the world, it does not appear from the complaint that it was exhibited to anyone other than the officers and employés of the respondent company, whose very duties, in the conduct of the ordinary business of the company, brought them in contact with it. Agents and employés of this character are not third persons in their relations to the corporation, within the meaning of the laws pertaining to the publication of libels. For the time being, they are a part and parcel of the corporation itself, so much so, indeed, that their acts within the limits of their employment are the acts of the corporation. For a corporation, therefore, acting through one of its agents or representatives, to send a libelous communication to another of its agents or representatives, cannot be a publication of the libel on the part of the corporation. It is but communicat-

ing with itself. The corporation can act only through officers and agents, and the officers and agents authorized to act for it are as much a part of the corporation at one place as at another, and the receipt or perusal of the letter by the corporation officers and agents at Seattle was as much the act of the corporation as was the writing of the letter by an officer or agent at the place of origin of the letter. It is not the publication of a libel for a person to write and mail a libelous letter to the person libeled, if he gives it no further publication, and for a much stronger reason it is not a publication of a libel for one person to write a libelous letter to himself, which he exhibits to no other person. It must follow that a corporation, although it can act only through officers and agents, is not guilty of publishing a libel, when it writes a libelous letter at one of its branch offices and mails it to another."

In Mims v. Metropolitan Life Ins. Co., 5 Cir., 200 F.2d 800, the plaintiff claimed he was fired because he refused to contribute $1.00 to the campaign fund of Senator Taft of Ohio. He asked his friend, Senator Sparkman of Alabama, to investigate. Defendant's president wrote Senator Sparkman at length in a letter dictated to, and typed by, a company-employed stenographer, that plaintiff was discharged for inefficiency and not because of his refusal to contribute to the fund. Judge Lynne entered a summary judgment for defendant and the Court of Appeals affirmed, saying in part:

"* * * Here, the letter was written by, and the action is against, a *corporate defendant* which can act only through its agents. Both the person who dictated the letter, and the stenographer who transcribed it, were employed by and acting for the corporation in the performance of a single corporate function, each supplying a component part thereof. When the letter was thus dictated and transcribed, it was not the act of two individuals acting separately. It was one corporate entity acting through two instrumentalities, neither of whom is a third party as respects the corporation, because each is acting as a part of the corporate entity in the performance of a single corporate act, the production of the letter, in the regular course of their duties. This court has held that where the language complained of was communicated only by one corporate officer to another in the regular course of the corporation's business, such communication did not amount to a publication which would support an action for libel. Biggs v. Atlantic Coast Line R. Co., 5 Cir., 66 F.2d 87. * * *"

In Hellenson v. Knaus Truck Lines, 370 S.W.2d 341, the defendant corporation was charged with writing a libelous letter to the plaintiff charging him with falsifying his work time, and the Supreme Court of Missouri said:

"We shall dispose first of the contention that defendant effected an actionable publication of the alleged libel by placing a copy in its files; we are cited to no case, pro or con, specifically in point. While there seems to be some divergence of thought on the subject generally, it appears to be the better and majority rule that communications between officers of the same corporation in the due and regular course of the corporate business, or between different offices of the same corporation, are not publications to third persons. [Citing cases]. As said in Prins, supra, such an act by a corporation 'is but communicating with itself.' If such is the correct rule, then certainly a corporation which, through its regularly assigned agent, writes a letter in the due course of its business and places a copy in its own files, does not thereby publish the supposed libel to a third person. We so hold. To rule otherwise would penalize a business, individual or corporate, for performing

a perfectly normal and proper business practice."

We reaffirm the holding in Ferdon v. Dickens, 161 Ala. 181, 49 So. 888, and Berry v. City of New York Ins. Co., 210 Ala. 369, 98 So. 290, but also reaffirm the limitations of these two cases as limited by McDaniel v. Crescent Motors, Inc., 249 Ala. 330, 31 So.2d 343, 172 A.L.R. 204, that where the letter is dictated by a corporate employee to a fellow corporate employee in the course of transacting the corporation's business and in the line of their duty as employees of the corporation and the letter is sent to another fellow corporate employee and it is in respect to that employee's relations with the corporation, there is not sufficient publication to sustain an action for libel.

It follows that the trial court correctly gave the requested affirmative charge without hypothesis.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.