Plaintiff appeals from summary judgment for defendants in a defamation action. We affirm.
Plaintiff, Romelia Willis, is a former employee of defendant Demopolis Nursing Home, Inc. The other defendant is Joyce Barnes, an employee of the nursing home. Plaintiff's employment was terminated by the nursing home in March 1974. Shortly thereafter, H.A. Lloyd, an attorney, wrote a letter to Booker Forte, attorney for plaintiff, concerning the termination of plaintiff's employment. The letter indicates it was written in response to an inquiry by Mr. Forte as to why plaintiff's employment was terminated. [In answer to interrogatories, Joyce Barnes, administrator of the nursing home and the named individual defendant, stated that she authorized Mr. Lloyd to send the letter and that she assisted him in the preparation of it.] The letter stated, inter alia, that on two occasions, around September 28, 1973, and October 8, 1973, a patient for whom plaintiff was responsible was found heavily sedated. It stated that the patient was not supposed to have any sedation. The letter also stated that in January 1974 plaintiff administered an overdose of medication to another patient.
In November 1974, plaintiff filed suit against the nursing home, its administrator Mrs. Barnes, and others whose names were alleged to be unknown to plaintiff. Plaintiff alleged that on or about September 28, 1973, and January 11, 1974, and on subsequent occasions, the administrator and other employees of the nursing home had, within the line and scope of their employment, falsely and maliciously stated in the presence of divers persons that plaintiff had administered overdoses of medication to a patient or to several patients. By amendment, plaintiff alleged that the nursing home ratified the alleged defamation.
A few days before the date set for trial of the case, defendants filed a motion for summary judgment. By agreement of plaintiff and defendants, the hearing was held prior to the expiration of ten days after service of the motion. See Rule 56 (c), ARCP. At the hearing, the court was informed by plaintiff that the only evidence that would be introduced to prove the alleged defamation would be the letter written by Mr. Lloyd, answers to interrogatories, and admissions of fact. Summary judgment for defendants was granted.
With the exception of the letter, the materials considered by the trial court contain no evidence whatsoever that the alleged defamatory statements were ever made. The letter is evidence in itself that *Page 1119 
the statements were made to plaintiff's attorney, and in light of the administrator's statement that she assisted in the preparation of the letter, it is also evidence that she made the statements to Mr. Lloyd. The letter contains no evidence, however, that the statements were made on any other occasion or to any other persons.
On this appeal, plaintiff contends that summary judgment was erroneously granted and that she should have been permitted to add certain other employees as defendants. Plaintiff argues that the letter itself constituted a defamation and that the letter was evidence that the administrator had made defamatory statements to Mr. Lloyd. Defendants answer that the letter and the statements made to Mr. Lloyd were privileged. Plaintiff responds that the privilege was conditional and was lost because of actual malice on the part of the defendants. Defendants counter that the record shows no evidence of actual malice.
Both plaintiff and defendants treat the question of whether defendants are liable for the statements apparently made to Mr. Lloyd (and contained in the letter to Mr. Forte) as a question of privilege. However, under some of our previous decisions the question would appear to be whether the facts constituted publication of the statements so as to constitute defamation. If this view is taken, then the question of privilege is not reached. See McDaniel v. Crescent Motors, Inc., 249 Ala. 330,333, 31 So.2d 343 (1947) (per Foster, J.).
In McDaniel, supra, one of defendant's managers had a conversation with plaintiff's agent, in the presence of two other managers, concerning a complaint against plaintiff, an employee of defendant. He made allegedly slanderous statements about plaintiff in the course of the conversation. Plaintiff's agent was business agent for plaintiff's union and was therefore agent for all members with respect to complaints against them by their employers. The agent had requested defendant's manager to take up all such complaints with him. This Court held that such alleged statements were not actionable because there was no publication under these circumstances. The Court stated it did not reach the question of privilege. See also Burney v. Southern Ry. Co., 276 Ala. 637, 165 So.2d 726 (1964); Mims v. Metropolitan Life Ins. Co.,200 F.2d 800 (5th Cir. 1952); Schinzel v. Vuyk, 126 Misc. 202,213 N.Y.S. 135 (1925); Wells v. Belstrat Hotel Corp.,212 App. Div. 366, 208 N.Y.S. 625 (1925); Freeman v. Dayton ScaleCo., 159 Tenn. 413, 19 S.W.2d 255 (1929).
Other authorities say that this analysis confuses publication with privilege. They contend that it is a fiction to treat statements between a principal and his agent or statements to another's agent as not being publication. It is contended that it is more realistic to treat such statements as privileged communications, when, of course, privilege is justified. See F.V. Harper F. James, Jr., The Law of Torts § 5.15 (1956); W.L. Prosser, The Law of Torts § 113 (4th ed., 1971); E.P. Seelman, The Law of Libel and Slander in the State of New York
§§ 121 et seq., 282 (1964); Restatement of Torts § 577 (1938). Among our Alabama cases which justify the privilege approach are: Ripps v. Herrington, 241 Ala. 209, 1 So.2d 899 (1941);Interstate Electric Co. v. Daniel, 227 Ala. 609, 151 So. 463
(1933); Weir v. Brotherhood of Railroad Trainmen, 221 Ala. 494,129 So. 267 (1930); Berry v. City of New York Ins. Co.,210 Ala. 369, 98 So. 290 (1923); Kenney v. Gurley, 208 Ala. 623,95 So. 34 (1923); Phillips v. Bradshaw, 167 Ala. 199, 52 So. 662
(1910).
In Berry, supra, the no-publication approach was rejected in the case of the dictation of a defamatory letter to a stenographer, but in Burney v. Southern Railway Company, supra,Berry was distinguished and the no-publication approach was given limited acceptance.
In Phillips, supra, this Court held that communications by an employer to the superintendent of his property concerning the care and protection of that property is confidential and thus conditionally privileged. *Page 1120 
In Berry, supra, this Court set forth the requirements for a qualified or conditional privilege:
 "`Where a party makes a communication, and such communication is prompted by duty owed either to the public or to a third party, or the communication is one in which the party has an interest, and it is made to another having a corresponding interest, the communication is privileged, if made in good faith and without actual malice. * * * The duty under which the party is privileged to make the communication need not be one having the force of legal obligation, but it is sufficient if it is social or moral in its nature and defendant in good faith believes he is acting in pursuance thereof, although in fact he is mistaken.'"
210 Ala. at 371, 98 So. at 292. The alleged defamatory publications in this case qualify under this definition.
Although we have alluded to these two lines of authority, we do not find it necessary to decide which should be followed in this case, since the result will be the same regardless as to which view is followed.
If there is no publication, there is no defamation. McDanielv. Crescent Motors, Inc., supra.
If there is publication, the publication is at least conditionally privileged.
The question of whether a communication is privileged by reason of its character or the occasion on which it was made is a question of law for the judge. O'Barr v. Feist, 292 Ala. 440,296 So.2d 152 (1974). Where a communication is conditionally privileged, it is free from the legal imputation of malice and is actionable only if there is actual malice. Id. The burden is on plaintiff to prove actual malice. Interstate Electric Co. v.Daniel, supra.
This Court has recognized that disposition of the issue of actual malice by summary judgment is generally inappropriate.Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975). However, where no proof of malice is offered at all, summary judgment is appropriate. Id.
Actual malice
 ". . . may be shown by evidence of previous ill will, hostility, threats, rivalry, other actions, former libels or slanders, and the like, emanating from the defendant, or by the violence of the defendant's language, the mode and extent of publication, and the like."
Kenney v. Gurley, 208 Ala. at 626, 95 So. at 37.
In this case, plaintiff has offered no evidence whatsoever of actual malice, not even a scintilla. Plaintiff states in brief that she was prepared to prove at the trial that the statements in question were untrue. However, no such evidence was offered on summary judgment; and, even if the statements were shown to be untrue, that showing would not be evidence of actual malice. Quoting from Newell, Slander and Libel, § 398 (3d ed., 1914), this Court has said,
 "`The fact that the statement is admitted or proved to be untrue is no evidence that it was made maliciously, though proof that defendant knew it was untrue when he made it would be evidence of malice. If the defendant is in a position to prove the truth of his statement, he has no need of privilege; the only use of privilege is in cases where the truth of the statement cannot be proved . . .'"
Kenney v. Gurley, 208 Ala. at 626, 95 So. at 37.
We hold therefore that summary judgment was appropriate in this case.
AFFIRMED.
HEFLIN, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 1121