Ira Sue Walton and Thomas Walton filed suit against Bromberg Company, Inc. ("Bromberg's") in the Circuit Court of Jefferson County, alleging that Bromberg's was guilty of defamation and the tort of *Page 1011 
"outrageous conduct." Bromberg's filed a motion for summary judgment, which the trial court granted. The Waltons appeal from that judgment. We affirm.
 FACTS
This case arises out of Ira Sue Walton's employment with Bromberg's. In 1980, she was hired as a salesperson at the Century Plaza location of Bromberg's jewelry store in Birmingham. At the time of her interview and her subsequent hiring, she completed the required personnel application forms, and agreed to submit to a polygraph test. Security Engineers, Inc., conducted the test, and gave her a favorable rating.
At the end of 1982 and the beginning of 1983, it was discovered that two diamond rings were missing from the inventory of the Century Plaza store. Bromberg's conducted a thorough search and investigation to find the missing rings. An employee of Bromberg's, Rose Washington, told another Bromberg employee that she had seen Ira Sue Walton take something from one of the ring cases at the diamond counter. This employee informed Bromberg's management of what Rose Washington had said to her. The store manager, Ladd Goodson, investigated the accusation, and asked both Walton and Rose Washington to take a polygraph examination. Security Engineers, Inc., the same firm of polygraph examiners that had tested Walton in 1980, conducted these polygraph examinations. Rose Washington passed the polygraph test, but Ira Sue Walton did not. After Walton failed the polygraph test a second time, Bromberg's terminated her employment.
After taking her first polygraph test, Walton returned to the Century Plaza store and informed her co-workers of the examination. She then telephoned her husband and asked him to come to the store to speak with Ladd about the incident. Walton admitted in her deposition that she had initiated conversations with third parties regarding the incident at the Bromberg's store.
Rose Washington was informed by Bromberg's after Walton's termination not to discuss the incident with anyone. Several other Bromberg's employees testified, in deposition, that the Bromberg's management had told the employees not to talk about the incident with customers or among themselves; however, after Rose Washington took the polygraph test, she called a friend, who was a former employee of Bromberg's, and told her what had been happening. After Walton was terminated, she and her husband brought this suit, claiming that Washington's actions constituted defamation byBromberg's.
The issue on appeal is whether a scintilla of evidence exists to support a finding that Rose Washington, a gift wrapper at Bromberg's, had authority to speak on behalf of Bromberg's in making allegedly defamatory statements about Walton.
Summary judgment is proper only in cases where the pleadings and affidavits submitted by the movant establish that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Bon Secour Fisheries, Inc. v. Barrentine,408 So.2d 490 (Ala. 1981). The scintilla evidence rule applies to summary judgment cases. Harold Brown Builders,Inc. v. Jordan Co., 401 So.2d 36 (Ala. 1981). Thus, if there exists "a mere gleam, glimmer, spark, the least bit, the smallest trace" of evidence in support of a plaintiff's complaint, summary judgment is not proper. Wilson v.Liberty National Life Ins. Co., 331 So.2d 617, 620 (Ala. 1976).
One of the elements of a plaintiff's prima facie defamation case is publication of the allegedly defamatory matter.Montgomery v. Big B, Inc., 460 So.2d 1286 (Ala. 1984). The burden of proving publication is usually satisfied when the plaintiff shows publication of the defamatory matter to someone other than himself, K-Mart Corp., Inc. v.Pendergrass, 494 So.2d 600 (Ala. 1986); however, there is a "special" publication rule applicable to corporations, which has been set forth in Burney v. Southern Ry.,276 Ala. 637, 165 So.2d 726 *Page 1012 
(1964), and McDaniel v. Crescent Motors, Inc.,249 Ala. 330, 31 So.2d 343 (1947).
In McDaniel, this Court stated:
 "The fact that the words were spoken by one of defendant's managers in the presence of two other managers in the course of transacting defendant's business, and in the line of their duty as officers of defendant, all in respect to defendant's relations with plaintiff as an employee against whom complaint had been made in connection with his duties as an employee and in respect to that complaint does not alone make the conversation a publication so as to constitute slander." 249 Ala. at 332, 31 So.2d at 345.
In Burney this Court reaffirmed the holding inMcDaniel and stated further:
 "[W]here [a] letter is dictated by a corporate employee to a fellow corporate employee in the course of transacting the corporation's business and in the line of their duty as employees of the corporation and the letter is sent to another fellow employee and it is in respect to that employee's relations with the corporation, there is not sufficient publication to sustain an action for libel." 276 Ala. at 642, 165 So.2d at 730.
The McDaniel/Burney test was restated in Dixonv. Economy Co., 477 So.2d 353, 354 (Ala. 1985):
 "Communications among the managerial personnel of a corporation about the company's business do not constitute a publication, under the rule of McDaniel v. Crescent Motors, Inc., 249 Ala. 330, 31 So.2d 343 (1947)."
There is one other element that the Waltons must establish in order to prove that Bromberg's itself had published the alleged defamation. This element was set forth in K-MartCorp., Inc. v. Pendergrass, 494 So.2d 600 (Ala. 1986). In K-Mart, this Court stated:
 "Basic principles of agency law operate within the area of defamation law, of course, and this Court has held that if 'publication is sought to be shown by an agent, it does not bind the principal as a publication . . ., unless the act of such agent was within the line and scope of the agent so acting or employed.' Weir
[v. Brotherhood of Railroad Trainmen], supra, 221 Ala. [494] at 498, 129 So. [267] at 270. Furthermore, 'where the evidence is undisputed, agency vel non, its character and extent, are questions of law for the court.' Clark Barker v. Eufaula Brick Works, 205 Ala. 545, 547, 88 So. 669, 670 (1921)."
494 So.2d at 604.
We are of the opinion that the trial court correctly granted summary judgment in favor of Bromberg's in this case. The Waltons' contention is based on the allegation that a defamatory publication was made by Bromberg's when Rose Washington communicated with Annette Bell. Rose Washington was not a corporate officer of Bromberg's, nor was she serving in any managerial position for Bromberg's when the events surrounding this lawsuit occurred. On the contrary, Rose Washington was hired by Bromberg's primarily as a gift wrapper. The Waltons failed to produce a scintilla of evidence that Rose Washington was acting within the scope of authority given to her by Bromberg's when the allegedly defamatory communication was made. See, K-Mart,supra. It is uncontroverted that Rose Washington had been instructed not to discuss the investigation and had no authority on behalf of Bromberg's to discuss the information she possessed with any party other than the polygraph examiner. According to her own testimony, she was not authorized by Bromberg's to release this information to anyone. When Rose Washington did tell her friend, Annette Bell, about the events concerning the polygraph exam, "such communication could not have been in furtherance of any conceivable corporate business." K-Mart, supra, at 605.
Thus, we are of the opinion that, based on the evidence presented in connection with the motion for summary judgment, there is not a scintilla of evidence of a publication of the alleged defamatory matter by Bromberg's. Accordingly, the judgment *Page 1013 
of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
JONES, SHORES, BEATTY and HOUSTON, JJ., concur.