Rita Rowe sued John Isbell, owner of Cullman Discount Pharmacy, Inc., alleging libel and slander. Isbell moved for a summary judgment "based on the pleadings and the excerpts of Rowe's deposition, quoted in the brief submitted in support of [his] motion." The trial court, relying primarily on deposition testimony, granted the motion. Rowe appeals from the resulting judgment.
We note that Rowe argues, and Isbell acknowledges, that the deposition testimony was not "on file" with the trial court *Page 36 
when the motion was submitted. Therefore, the only evidence available to the trial court at the time it ruled on the summary judgment motion, and the evidence to which our review is limited, was the pleadings and an affidavit of Ed Holcombe that was filed in open court on December 11, 1992. See Bean v.State Farm Fire Casualty Co., 591 So.2d 17 (Ala. 1991). We cannot consider the deposition testimony in our review of the summary judgment.
Nonetheless, Isbell contends that the evidence "will demonstrate that summary judgment was proper."
A libel or slander action will lie only if the defendant publishes defamatory material about the plaintiff to a third party. See, Reynolds Metals Co. v. Mays, 547 So.2d 518 (Ala. 1989); Walton v. Bromberg, 514 So.2d 1010 (Ala. 1987);Montgomery v. Big B, Inc., 460 So.2d 1286 (Ala. 1984); Willisv. Demopolis Nursing Home, Inc., 336 So.2d 1117 (Ala. 1976);McDaniel v. Crescent Motors, Inc., 249 Ala. 330, 31 So.2d 343
(1947). See, also, K-Mart Corp. v. Pendergrass, 494 So.2d 600
(Ala. 1986).
In the complaint, Rowe predicated her libel and slander claims on Isbell's statements that Rowe had stolen money from the pharmacy by taking money from the cash register and that she had been terminated as a result of that dishonest act. According to Rowe, Isbell orally made these statements in the presence and hearing of Rowe, Rowe's husband, and several employees of the pharmacy; he included the statements in a letter to the Alabama Department of Industrial Relations, Unemployment Compensation Agency ("the Department"); and he orally made them to the appeals referee in Rowe's presence and in the presence of her attorney at a hearing before the Department.
In his answer and in his brief, Isbell argues that the statements were made "without malice or ill will"; that they were "not published"; and that they were "privileged" under Ala. Code 1975, § 25-4-116, as that section relates to unemployment compensation hearings.
Viewing the evidence in the light most favorable to Rowe and resolving all reasonable doubts against Isbell, as we are required to do under the applicable standard of review, we conclude that Isbell has not shown that all of the statements he made were not published.
Clearly, Isbell's communication to Rowe was not published.Nelson v. Lapeyrouse Grain Corp., 534 So.2d 1085 (Ala. 1988);K-Mart Corp. v. Pendergrass, supra.
Isbell's communication to Rowe's husband may not have been published if her husband was acting as her agent (Reece v.Finch, 562 So.2d 195 (Ala. 1990); Walton v. Bromberg Co., supra.; K-Mart Corp. v. Pendergrass, supra); and his communication to his employees may not have been published if the communication was made in the course of the employees' employment and was within the proper scope of their duties.Atkins Ford Sales, Inc. v. Royster, 560 So.2d 197 (Ala. 1990);Nelson v. Lapeyrouse Grain Corp., supra. See, also Hanson v.New Technology, Inc., 594 So.2d 96 (Ala. 1992).
However, there is nothing before us to show that Rowe's husband was acting as her agent or that Isbell's employees were acting within the course of transacting the pharmacy's business and within the scope of their duties when these statements were allegedly communicated to them.
As to the statements to the Department and to the appeals referee, Isbell contends that that communication was privileged under § 25-4-116, which reads in part as follows:
 "All letters, reports, communications and other matters, written or oral, from employer . . . to any official or board functioning under this chapter, which shall have been written, sent, delivered or made in connection with the requirements and administration of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any civil action for slander or libel in any court."
However, there is nothing before us to show that the communications to the Department were made "in connection with the requirements and administration" of Chapter 4, Title 25, Code of Alabama, so as to be privileged under § 25-4-116. There was nothing before the trial court — nothing *Page 37 
in the pleadings or in Holcombe's affidavit — that provided any basis for determining whether Isbell's statements to the Department or to the appeals referee were privileged.
Although in his brief in support of the motion and in his brief on appeal Isbell applies the law to what he perceives to be the facts, those statements in the briefs, without more, are merely conclusory and are insufficient to make the requisite prima facie showing of the absence of a genuine issue of material fact. See, Kenai Oil Gas, Inc. v. Grace PetroleumCorp., 512 So.2d 1347 (Ala. 1987) (for a discussion of the burdens of the parties in regard to a motion for summary judgment). Without his affidavit or sworn testimony as to the nature of the communication — its contents and the circumstances under which it was made — Isbell has failed to make a prima facie showing of the absence of a genuine issue of material fact. Because Isbell did not make a prima facie showing that there was no genuine issue of material fact and that he was entitled to a judgment as a matter of law, the burden never shifted to Rowe to present evidence to the contrary. Therefore, the trial court erred in entering the judgment for Isbell.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.