DONALDSON, Judge,
concurring in part and dissenting in part.
I concur in the main opinion except for that portion of the opinion reversing the judgment against Augustus Tucker, insofar as it awarded damages to Richard Salazar for defamation, based on Salazar’s failure to prove publication of a defamatory statement. In K-Mart Corp. v. Pendergrass, 494 So.2d 600 (Ala.1986), a case relied upon by Tucker in seeking to reverse the judgment, the plaintiff did not present direct evidence indicating that K-Mart Corp., Inc., the defendant, had published the allegedly defamatory information. Instead, the
“[pjlaintiff relied solely on inferences to prove that someone at K-Mart communicated with someone outside the corporation about her discharge. Plaintiffs entire proof of this alleged defamation is that members of the Scottsboro community had heard that she was fired for stealing. Therefore, according to plaintiff, it follows that someone at K-Mart told someone in the community that plaintiff was fired for stealing. This evidence was legally insufficient to establish publication. Publication is not ‘established by rumor or report.’ Weir v. Brotherhood of Railroad Trainmen, 221 Ala. 494, 497, 129 So. 267, 270 (1930).”
494 So.2d at 604.
Conversely, in this case, Salazar testified at trial as follows on direct examination:
“Q. Mr. Salazar, did anybody in this community find out you were being charged with theft and embezzlement?
“A. Yes, sir.
“Q. Who was that?
“A. The banks.
“Q. What banks in specific?
“A. Regions Bank and Bryant Bank.
“Q. And who told them you were suspected or involved in theft or embezzlement?
“A. Gus Tucker did.”
Salazar further testified as follows on cross-examination:
“Q. Your testimony earlier was that Mr. Tucker told the employees and I guess the banks that Heritage Club had accounts with, about your termination?
“A. He — they kicked me off the bank accounts. He’s the one that told them.
“Q. So about how many banks were there?
“A. Well, of course, the First Commercial, then Regions and then Bryant Bank, then there was Worthington, which shut down or they closed the account. And then North Aabama Bank. I don’t know if that one is still open or not.”
This testimony was admitted without objection from Tucker on any ground, including that it was hearsay or was based on a lack of personal knowledge. As such, publication of defamatory information was not shown to be based on rumor or innuendo. Rather, Salazar directly attributed to Tucker the publication of some of the defamatory information to third parties. The “self-serving” nature of Salazar’s testimony could be considered by the trial court in assessing Salazar’s credibility and/or the weight to be given the testimony, but it did not make the testimony insufficient to support an element of Sala *384 zar’s claim. Because Tucker did not object to Salazar’s testimony regarding the publication of defamatory information to the third parties he identified and has not raised any issue on appeal regarding the amount of damages assessed, no reversible error has been established. Therefore, I respectfully dissent from that portion of main opinion reversing the judgment in favor of Salazar and against Tucker on Salazar’s defamation claim, and I would affirm the judgment in its entirety.
PITTMAN, J., concurs.