Mrs. Carrie L. Harris, a third grade teacher at Union Springs Elementary School, Union Springs, Alabama, brought this action against several teachers and school officials at Union Springs Elementary School and against School Annual Publishing Co., hereinafter SAPC, an Ohio corporation, for an allegedly defamatory illustration and caption which appeared in a publication entitled "Union Springs Elementary 1982 Highlights." The trial court granted summary judgment in favor of all defendants. We affirm.
SAPC mailed a solicitation letter, along with an application, to Union Springs Elementary School, proposing to supply the school with a kit for the preparation of a yearbook which SAPC would later publish. The proposal was accepted by Hoover Burney, the school principal, and the application was completed and returned to SAPC. Mr. Burney assigned the task of preparing the yearbook to Judy Bowden, Arizetta Holt, Climmie Cooper, Bertha Jernigan, Betty Holmes, and Sue Yates, all teachers at the school.
Mrs. Harris was asked to have her picture taken to appear in the teachers' section of the publication, but declined. In place of her picture, there appeared on page seven of the yearbook the following cartoon drawing of a monkey sitting on a swing, holding a banana, with the caption "out munching" to the side, and Mrs. Harris's name printed underneath.
[EDITORS' NOTE: CARTOON IS ELECTRONICALLY NON-TRANSFERRABLE.]
The cartoon was selected from a booklet supplied by SAPC, entitled "Clip Art II." No defendant admits to adding the caption "out munching."
Mrs. Harris filed suit in the Circuit Court of Bullock
County, alleging the defendants defamed her as follows:
 "5. The words and picture described the Plaintiff, who is a black female elementary school teacher, as being a lazy monkey, who was somewhere eating when she should have been in her classroom teaching students, which said reference has been traditionally used to dehumanize, insult, belittle and degrade persons of the Plaintiff's race, and was used by the Defendants for that purpose."
A communication is considered defamatory "if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement (Second) of Torts
§ 559 (1976). Whether the communication is reasonably capable of a defamatory meaning is a question, in the first instance, for the court. Albert Miller Co. v. Corte, 107 F.2d 432 (5th Cir. 1939) (applying Alabama law), certiorari denied,309 U.S. 688, 60 S.Ct. 890, 84 L.Ed. 1031 (1940); Restatement, supra, § 614, comment b. Thus, if the communication is not reasonably capable of a defamatory meaning, *Page 965 
there is no issue of fact, and summary judgment is proper.
In the case at hand, we hold, as a matter of law, that the cartoon and caption are not reasonably susceptible of the defamatory inferences Mrs. Harris alleges. The phrase "out munching" does not imply Mrs. Harris "was somewhere eating when she should have been in her classroom teaching students," nor does the cartoon suggest a racial insult. The cartoon is no more suggestive of a defamatory inference than would be an empty space where the picture of the teacher would have appeared. The only reasonable inference to be drawn from either is that a picture of Mrs. Harris was not available.
For the reasons stated herein, the judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.