This is an appeal from a summary judgment entered in favor of Health-Tex, Inc. The appellant, Ms. Deborah Gore, in October 1987, filed a complaint alleging slander and claiming that she was entitled to damages arising out of allegedly defamatory statements, which, she says, she herself was required to publicize, concerning the termination of her employment at Health-Tex.
In 1986, Ms. Gore was employed by Health-Tex to operate a sewing machine at its plant. Approximately one month after beginning work, she began having pains in her back and shoulder and, upon consulting a physician, she learned that she was suffering from fibrositis, an inflammation of the fibers under the skin. The physician gave her injections and oral medication and advised her to slow down her arm movements. The company was never notified of her condition, which disappeared after approximately two months. Ms. Gore left the employment of Health-Tex sometime thereafter. Subsequently, Ms. Gore was rehired by Health-Tex and, pursuant to company policy, she was interviewed by the company nurse regarding any health problems she had had while working with Health-Tex in the past and any other problems she had encountered since her previous employment there. Ms. Gore did not mention her fibrositis.
After working for Health-Tex for approximately one month, and while still in her probationary period with the company, Ms. Gore experienced a recurrence of her fibrositis. When she consulted the nurse regarding her symptoms, she explained that she had had the condition during her previous employment with Health-Tex. She was given some anti-inflammatory drugs and the nurse adjusted the chair at her work station to ease the strain on her back. Shortly after reporting her condition to the nurse, Ms. Gore was called in by *Page 1308 
managing personnel at Health-Tex and was asked to resign. When she refused to do so, she was terminated for falsifying company records, i.e., for not revealing her previous health condition when she was rehired. When applying for other jobs, Ms. Gore alleged, she was required to put on her application as the reason she left her previous employment that she was fired for "falsifying company records." Eventually, she applied for unemployment compensation and a referee determined that her acts did not rise to the level of dishonesty or criminal acts so as to prevent her from receiving compensation pursuant to § 25-4-78(3)(a), Code of Alabama (1975)[1] Ms. Gore thereafter filed her complaint, alleging slander. The trial court granted Health-Tex's motion for summary judgment. We affirm.
Ms. Gore contends that she was required to publicize to potential employers that she had been terminated from her job at Health-Tex for "falsifying company records." In addition, she argues that a statement made to a prospective employer by an employee at Health-Tex also constituted "publication."
First, we note that both parties agree that any publication made between a previous employer and a prospective employer is protected by a conditional privilege, pursuant to the following test:
 "The test for determining whether a communicating party has a conditional or a qualified privilege is as follows:
 " ' "Where a party makes a communication, and such communication is prompted by duty owed either to the public or to a third party, or the communication is one in which the party has an interest, and it is made to another having a corresponding interest, the communication is privileged, if made in good faith and without actual malice. * * * The duty under which the party is privileged to make the communication need not be one having the force of legal obligation, but it is sufficient if it is social or moral in its nature and defendant in good faith believes he is acting in pursuance thereof, although in fact he is mistaken." '
 "Willis v. Demopolis Nursing Home, Inc., 336 So.2d 1117, 1120 (Ala. 1976), quoting Berry v. City of New York Ins. Co., 210 Ala. 369, 371, 98 So. 290, 292
(1923)."
Kirby v. Williamson Oil Co., 510 So.2d 176, 179 (Ala. 1987). Ms Gore concedes that the privilege exists with regard to the inquiry made by prospective employer David Richardson regarding Ms. Gore's termination. Health-Tex's personnel manager verified Richardson's specific inquiry, but stated that Gore's termination "had nothing to do with her work record, that she had a very good work record." It is well established that absent a showing of malice, an action alleging slander will not lie where there is a conditional or qualified privilege. Willisv. Demopolis Nursing Home, Inc., 336 So.2d 1117, 1120 (Ala. 1976); Mead Corp. v. Hicks, 448 So.2d 308, 313 (Ala. 1983).
 "This Court has recognized that disposition of the issue of actual malice by summary judgment is generally inappropriate. Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975). However, where no proof of malice is offered at all, summary judgment is appropriate. Id."
Willis, supra, at 1120. We can find no evidence of malice at all in the statements made by the personnel manager to Richardson. In fact, the manager went out of her way to let Richardson know that the reason for Ms. Gore's termination had absolutely nothing to do with her work record. Thus, the communication made to David Richardson did not amount to actionable slander.
Ms. Gore also contends that the fact that she was required to self-publicize the reason for her termination was sufficient to find Health-Tex guilty of slander. We disagree. We are not prepared to hold that a plaintiff's own repetition of allegedly defamatory statements can supply the element *Page 1309 
of publication essential in a slander action.
For the foregoing reasons, the judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] Section 25-4-78(3)(a) does not allow unemployment compensation where the employee's discharge was for a dishonest or criminal act. The referee ruled that Ms. Gore was entitled to compensation.